# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Suzanne C. Midlige, Esq. (SM-0818)
Michael E. Hrinewski, Esq. (MH-0815)
COUGHLIN MIDLIGE & GARLAND LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
(973) 267-0058
Attorneys for Defendants, Medmarc Casualty Insurance Company
and improperly named entity "LawyerCare"

| | |
|---|---|
| SICILIANO & ASSOCIATES, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>MEDMARC CASUALTY INSURANCE<br>COMPANY, LAWYERCARE<br><br>                    Defendants. | Civil Action No.:<br><br>Hon.<br><br><br>**NOTICE OF REMOVAL**<br><br><br>*Document Filed Electronically* |

TO:            The Honorable Chief Judge and Judges of the United States District Court
                 for the District of New Jersey

ON NOTICE TO:

            Salvatore J. Siciliano, Esq.
            SICILIANO & ASSOCIATES, LLC
            16 South Haddon Avenue
            Haddonfield, New Jersey 08033
            *Attorneys for Plaintiff, Siciliano & Associates, LLC.*

            Deputy Clerk of the Superior Court, Camden County
            Camden County Hall of Justice
            101 South 5th Street, Suite 150
            Camden, NJ 08103-4001

            Clerk,
            Superior Court of New Jersey
            Hughes Justice Complex
            25 West Market Street
            P.O. Box 971
            Trenton, New Jersey 08625

1961724

YOUR HONORS:

PLEASE TAKE NOTICE that defendant, Medmarc Casualty Insurance Company ("Medmarc"), and improperly pled defendant, LawyerCare, hereby remove the above-entitled declaratory judgment action from the Superior Court of New Jersey, Law Division, Camden County, docket No. CAM-L-938-21, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

In support of this Notice of Removal, Medmarc states:

1.     This case is properly removed to this Court pursuant to 28 U.S.C. Sections 1332 and 1441, because the amount in controversy as pled is likely to exceed $75,000, exclusive of interest and costs, the procedural requirements for removal are satisfied, and because this is a civil action between a New Jersey corporation whose sole member is believed to be New Jersey citizens on the one hand, and a Vermont corporation with its principal place of business in the State of Virginia on the other.

I.     **The Procedural Requirements for Removal Are Satisfied**

2.     On March 30, 2021, plaintiff, Siciliano & Associates, LLC., ("Plaintiff"), filed a declaratory judgment complaint in the Superior Court of New Jersey, Law Division, Camden County. ("DJ Action.") A true and accurate copy of the Complaint is annexed hereto as Exhibit A.

3.     Medmarc received a copy of the Summons and Complaint in the DJ Action by certified mail on April 6, 2021.   A true and accurate copy of Plaintiff's March 31, 2021 transmittal letter is attached as Exhibit B.

4.     As of this date, Medmarc has not filed a responsive pleading in the DJ Action commenced by Plaintiff in the Superior Court of New Jersey, Law Division, Camden County.

5.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) as Medmarc has

1961724

filed this Notice of Removal "within 30 days after the receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b).

6.     The United States District Court for the District of New Jersey includes the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

7.     No previous application has been made for the relief requested herein.

8.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the Clerk of the Superior Court of New Jersey, Camden County, Law Division.

9.     If any question arises regarding the propriety of the removal of this action, Medmarc respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## II.     Removal Is Proper Pursuant To 28 U.S.C. §§ 1332 And 1441

10.     The United States District Court for the District of New Jersey has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it arises between a New Jersey corporation whose sole member is believed to be a New Jersey citizen on the one hand, and a Vermont corporation with its principal place of business in the State of Virginia, on the other; and because based upon the allegations in the DJ Action Complaint, which seeks in part, indemnity for the underlying Malpractice Action, the amount in controversy is likely to exceed $75,000, exclusive of interest and costs.

### A.     Complete Diversity of Citizenship Exists

11.     Plaintiff avers that "Siciliano & Associates, LLC," is a New Jersey Limited Liability Corporation, engaged in the practice of law.  It has a business address and principal

place of business at 16 South Haddon Avenue, Haddonfield, New Jersey. See Ex. A at ¶2.

12.     Upon information and belief, the principal of Plaintiff, Siciliano & Associates, Salvatore J. Siciliano, is a citizen of the state of New Jersey.

13.     Medmarc is a corporation organized pursuant to the laws of the state of Vermont with its principal place of business in the State of Virginia.

14.     Defendant, LawyerCare is an improperly pled defendant.  LawyerCare is not a separately incorporated independent entity, but is the registered trade name for lawyers' professional liability insurance policies underwritten by Medmarc.  Accordingly, LawyerCare is not independently subject to suit.

### B.     The Amount-In-Controversy Requirement Is Satisfied

15.     The underlying Malpractice Action, for which Plaintiff seeks defense and indemnity in the DJ Action from Medmarc, alleges in part, that underlying Plaintiffs, "have suffered damages in excess of $172,725.50 as a direct and proximate result of [Siciliano's] incompetent, deficient and negligent provision of legal services, which resulted in Wagner's dismissal with prejudice from the underlying action." See,  Exhibit C at ¶44.

16.     Count One of the Malpractice Action seeks "damages in an amount in excess of $172,725.50, together with interest, costs of suit, attorneys' fees, and such other and further relied as the Court may deem just, equitable and proper." See,  Exhibit C, page 12.

17.     The DJ Action alleges that Medmarc's decision "to refuse to defend and indemnify it in the Malpractice Action is an error based upon an incorrect interpretation of the facts and/or application of the law." See, Exhibit A at ¶19.

18.     The DJ Action further alleges that "Defendants are required to defend and further indemnify Plaintiffs" in connection with the Malpractice Action.  See, Exhibit A, page 6.

1961724

19.     Based upon the allegations in the Complaint in this matter, and the underlying Malpractice Action for which Plaintiff seeks indemnity under the Medmarc Policy, the amount in controversy in this matter will exceed the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, Defendant prays that, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, the above-captioned matter, now pending against it in the Superior Court of New Jersey, Law Division, Camden County, be removed therefrom to the United States District Court for the District of New Jersey.

Respectfully submitted,

COUGHLIN MIDLIGE & GARLAND LLP
Attorneys for Defendant,
Medmarc Casualty Insurance Company
and improperly named entity "LawyerCare"


By:     */s/ Suzanne C. Midlige*_____
Suzanne C. Midlige (SM-0818)

Dated:  April 26, 2021

5

1961724

# EXHIBIT A

**SICILIANO & ASSOCIATES, LLC**
Salvatore J. Siciliano, Esquire (NJ Bar ID# 027561992)
16 South Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-0500 Fax (856) 795-5515
Attorney for Plaintiff, SICILIANO & ASSOCIATES, L.L.C.

| | |
|---|---|
| SICILIANO & ASSOCIATES, L.L.C., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CAMDEN COUNTY |
| Plaintiff, | DOCKET NO. |
| vs. | **CIVIL ACTION** |
| MEDMARC CASUALTY INSURANCE COMPANY, LAWYERCARE<br>Defendants. | **DECLARATORY JUDGMENT** |

Plaintiff, Siciliano & Associates, L.L.C., with a professional office address at 16 South

Haddon Avenue, Haddonfield, New Jersey, 08033, states the following by way of Complaint

for Declaratory Judgment against Medmarc Casualty Insurance Company (hereinafter

"Medmarc") located at 4795 Meadow Wood Lane Suite 335 West Chantilly, VA 20151, and

LawyerCare located at 2600 Professionals Drive Okemos, MI 48864 as follows:

## FACTS

1. On July 11, 2017, Siciliano & Associates, L.L.C. (hereinafter "Plaintiff") filed a

Complaint on behalf of its clients Brian and Barbara Collins (hereinafter "Collins") against

PJW Services, LLC a/k/a P.J. Ward and Sons (hereinafter "P.J. Ward"); and Thomas B.

Wagner, Architect, and Thomas B. Wagner (hereinafter "Wagner"), individually, alleging

breach of contract amongst other Counts arising of out of the remodeling of an existing

garage, and the construction of new garage at property owned by Collins and located at 19

Upland Way, Haddonfield, NJ 08033, styled as *Collins v. P.J. Ward, Wagner* bearing Docket

No. CAM-L-2766-17. Please see Complaint attached hereto as **Exhibit "A."**

2.   On August 17, 2017, Plaintiff filed a First Amended Complaint against P.J. Ward and

Wagner alleging negligent construction and architectural services arising out of the subject

remodeling. Please see Amended Complaint attached hereto as **Exhibit "B."**

3.   On February 6, 2019, the Court dismissed the Complaint together with any and all

cross-claims against Wagner with prejudice. Please see the Order attached hereto as **Exhibit

"C."**

4.   On May 6, 2019, the law firm of Wilentz, Goldman & Spitzer, P.A. (hereinafter

"Wilentz") substituted in as counsel for the Collins. Please see Substitution of Counsel

attached hereto as **Exhibit "D."**

5.   On October 31, 2019, judgment was taken against P.J. Ward in the amount of

$143,725.50. Please see Order of Judgment by Stipulation attached hereto as **Exhibit "E."**

2

6.   On December 10, 2019, Collins filed a Notice of Appeal regarding the February 6, 2019 Court order dismissing Wagner with prejudice bearing Docket No. A-001437-19, which is currently pending. Please see Notice of Appeal attached hereto as **Exhibit "F."**

7.   On April 7, 2020, Collins filed a legal malpractice claim against Plaintiff styled *Collins v. Siciliano & Associates, LLC and Salvatore J. Siciliano, Esquire* bearing Docket No. CAM-L-1342-20. Please see Complaint attached hereto as **Exhibit "G."**

8.   On December 10, 2020, Plaintiff filed a Verified Complaint against the Collins seeking payment of their outstanding legal services bill in the amount of $29,831.17 styled *Siciliano & Associates, LLC v. Brian Collins and Barbara Collins* bearing Docket No. CAM-L-4053-20. Please see Complaint attached hereto as **Exhibit "H."**

9.   Plaintiff Siciliano & Associates, LLC is an active New Jersey Limited Liability Company formed in December 2005 for the purpose of legal services.

10. Plaintiff is solely owned by attorney Salvatore J. Siciliano, Esquire who was admitted to the Bar for the State of New Jersey in 1992 and has been a practicing attorney within the jurisdiction of New Jersey for the last twenty-nine years.

3

11. Plaintiff Siciliano & Associates, LLC has been insured for professional malpractice since December 2005 and, other than the Complaint filed on April 7, 2020, the company and Mr. Siciliano, individually, have never been a party to a lawsuit for malpractice.

12. Even more, Plaintiff had never noticed a professional malpractice carrier of any 'potential claim' up until April 15, 2020 when Plaintiff placed Defendants on notice of a potential claim by the Collins for legal malpractice.

13. Plaintiff has been insured by Defendants for professional liability since December 22, 2018. Please see Insurance Policy attached hereto as **Exhibit "I."**

14. Plaintiff was insured by Defendants for the Policy Periods from December 22, 2018 to December 22, 2019 and December 22, 2019 to December 22, 2020 under Medmarc Policy No. 19MCNJ001148 (the "Medmarc Policy"). Please see December 22, 2018- December 22, 2019 Insurance Policy attached hereto as **Exhibit "I."** Please see December 22, 2019- December 22, 2020 Insurance Policy attached hereto as **Exhibit "J."**

15. By letter dated January 12, 2021, Defendants denied professional liability coverage under the Medmarc Policy for the legal malpractice action filed by Collins against Plaintiff bearing Docket No. CAM-L-1342-20. Please see Letter attached hereto as **Exhibit "K."**

4

16. Defendants denied coverage pursuant to Section 2.1.1 of the Medmarc Policy alleging that Plaintiff was "[a]ware of facts that reasonably could have been expected to result in a malpractice claim prior to the policy effective date of the Medmarc Policy – December 22, 2019." Please see Page 2 of Letter attached hereto as **Exhibit "K."**

## COUNT I

### Declaratory Judgment

17. Plaintiff has made repeated demands to Defendants for defense and indemnity in the malpractice action styled Brian Collins and Barbara Collins v. Siciliano & Associates, LLC bearing Docket No. CAM-L-1342-20 (the "malpractice action").

18. Plaintiff's demands for defense and indemnity have been refused by Defendants.

19. Plaintiff avers that Defendants' decision to refuse to defend and indemnify it in the malpractice action is an error based upon an incorrect interpretation of the facts and/or application of the law.

20. This Honorable Court has general subject matter jurisdiction pursuant to New Jersey's Declaratory Judgments Act codified at N.J. Stat. Ann. § 2A:16-50 to -62 to determine questions of actual controversy between the parties to this action as more fully set forth herein.

5

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

WHEREFORE, Plaintiff, demands judgment against Defendants Medmarc Casualty Insurance Company and LawyerCare as follows:

    a. Plaintiff is fully insured for the acts and allegations contained in the malpractice action pursuant to the policies of insurance issued by Defendants;

    b. Defendants are required to defend and further indemnify Plaintiffs in connection with the above-referenced suits;

    c. For damages, interest, attorney's fees, costs of suits and such other relief as the court may deem just and equitable.

### JURY DEMAND

Plaintiff, SICILIANO & ASSOCIATES, L.L.C., hereby demands trial by jury of all issues triable under the applicable law.

### NOTICE PURSUANT TO THE RULES

TAKE NOTICE that the undersigned attorney, counsel for Plaintiff, hereby demands, pursuant to R. 1:5-1(a) and R. 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answers to interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

6

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, SALVATORE J. SICILIANO, ESQUIRE is hereby designated as trial counsel on behalf of the law offices of Siciliano & Associates, L.L.C. for the Plaintiff in the within action.

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I certify that the matter at issue is not the subject of any other pending action or arbitration other than Brian Collins, et als v. PJW Services, LLC, et als., Docket No. CAM-L-2766-17 (on appeal Docket No. A-001437-19); Brian Collins, et als v. Siciliano & Associates, LLC, et als, Docket No. CAM-L-1342-20; and Siciliano & Associates, LLC v. Brian Collins, et als, Docket No. CAM-L-4053-29.  All parties known to the Plaintiff have been joined in the within action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SICILIANO & ASSOCIATES, L.L.C.

By: _____
　　　Salvatore J. Siciliano, Esquire
　　　Counsel for Plaintiff, Siciliano & Associates, LLC

Dated: March 30, 2021

7

# EXHIBIT B



LAW OFFICES

# SICILIANO & ASSOCIATES, LLC

16 SOUTH HADDON AVENUE
P.O. BOX 25
HADDONFIELD, NJ 08033
TEL: (856) 795-0500
FAX: (856) 795-5515
www.Sicilianolaw.com

SALVATORE J. SICILIANO *†
JENNIFER JOHNSON *
JENNIFER McPEAK *

*NJ BAR
†PA BAR
◊NY BAR

*Of-Counsel:*
JAMES J. DIVERGILIS *†
ALBERT J. TALONE *†
JOHN J. VAN DYKEN *◊

302 N. Washington Ave
Suite 101 West
Moorestown, NJ 08057

Waterworks Building
359 96th Street
Suite 203
Stone Harbor, NJ 08247

March 31, 2021

| *Via Certified Mail/R.R.R. & Regular Mail* | *Via Certified Mail/ R.R.R & Regular Mail* |
|---|---|
| Medmarc Casualty Insurance Company | Medmarc Casualty Insurance Company |
| 4795 Meadow Wood Lane | 2600 Professionals Drive |
| Suite 335 | Okemos, MI 48864 |
| West Chantilly, VA 20151 | |

**RE:   Siciliano & Associates, LLC.**
        **vs.**
        **Medmarc Casualty Insurance Company, Lawyercare**
        **DOCKET #: CAM-L-000938-21**

Dear Sir/Madam:

Please be advised that our office represents Plaintiff, Siciliano & Associates, LLC., reagrding to the above referenced litigation matter.

Enclosed please find a Summons and Complaint. Per the Court Rules, you or your attorney must file a written Answer within thirty-five (35) days from the date you received this Summons.

If you have any questions, please do not hesitate to contact our office.

**Siciliano & Associates, LLC. vs. Medmarc Casualty Insurance**
**DOCKET #: CAM-L-000938-21**
**March 31, 2021**
**Page 2**

In closing, I remain,

Very truly yours,

**SICILIANO & ASSOCIATES, LLC**
By:___ *Lyann Cruz*
      Lyann Cruz, Legal Assistant
      **adminassist@sicilianolaw.com**

Enclosures

## SUMMONS

Attorney(s) Salvatore J. Siciliano

Office Address 16 S. Haddon Ave

Town, State, Zip Code Haddonfield, NJ 08033

Telephone Number 856-795-0500

Attorney(s) for Plaintiff Salvatore J. Siciliano

## Superior Court of
## New Jersey

Camden [ ] County

Civil Division

Docket No: CAM-L-000983-21

Siciliano & Associates, LLC.

Plaintiff(s)

vs.

Medmarc Casualty Insurance Company,

Lawyer Care

Defendant(s)

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 03/31/2021

Name of Defendant to Be Served: Medmarc Casualty Insurance Company

Address of Defendant to Be Served: 4795 Meadow Wood Lane Suite 335, West Chantilly, VA 20151

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**SICILIANO & ASSOCIATES, LLC**
Salvatore J. Siciliano, Esquire (NJ Bar ID# 027561992)
16 South Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-0500 Fax (856) 795-5515
Attorney for Plaintiff, SICILIANO & ASSOCIATES, L.L.C.

| | |
|---|---|
| SICILIANO & ASSOCIATES, L.L.C., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CAMDEN COUNTY |
| Plaintiff, | DOCKET NO. |
| vs. | **CIVIL ACTION** |
| MEDMARC CASUALTY INSURANCE COMPANY, LAWYERCARE<br>Defendants. | **DECLARATORY JUDGMENT** |

Plaintiff, Siciliano & Associates, L.L.C., with a professional office address at 16 South

Haddon Avenue, Haddonfield, New Jersey, 08033, states the following by way of Complaint

for Declaratory Judgment against Medmarc Casualty Insurance Company (hereinafter

"Medmarc") located at 4795 Meadow Wood Lane Suite 335 West Chantilly, VA 20151, and

LawyerCare located at 2600 Professionals Drive Okemos, MI 48864 as follows:

## FACTS

1. On July 11, 2017, Siciliano & Associates, L.L.C. (hereinafter "Plaintiff") filed a

Complaint on behalf of its clients Brian and Barbara Collins (hereinafter "Collins") against

PJW Services, LLC a/k/a P.J. Ward and Sons (hereinafter "P.J. Ward"); and Thomas B.

Wagner, Architect, and Thomas B. Wagner (hereinafter "Wagner"), individually, alleging

breach of contract amongst other Counts arising of out of the remodeling of an existing

garage, and the construction of new garage at property owned by Collins and located at 19

Upland Way, Haddonfield, NJ 08033, styled as *Collins v. P.J. Ward, Wagner* bearing Docket

No. CAM-L-2766-17. Please see Complaint attached hereto as **Exhibit "A."**

2. On August 17, 2017, Plaintiff filed a First Amended Complaint against P.J. Ward and

Wagner alleging negligent construction and architectural services arising out of the subject

remodeling. Please see Amended Complaint attached hereto as **Exhibit "B."**

3. On February 6, 2019, the Court dismissed the Complaint together with any and all

cross-claims against Wagner with prejudice. Please see the Order attached hereto as **Exhibit

"C."**

4. On May 6, 2019, the law firm of Wilentz, Goldman & Spitzer, P.A. (hereinafter

"Wilentz") substituted in as counsel for the Collins. Please see Substitution of Counsel

attached hereto as **Exhibit "D."**

5. On October 31, 2019, judgment was taken against P.J. Ward in the amount of

$143,725.50. Please see Order of Judgment by Stipulation attached hereto as **Exhibit "E."**

2

6. On December 10, 2019, Collins filed a Notice of Appeal regarding the February 6, 2019 Court order dismissing Wagner with prejudice bearing Docket No. A-001437-19, which is currently pending. Please see Notice of Appeal attached hereto as **Exhibit "F."**

7. On April 7, 2020, Collins filed a legal malpractice claim against Plaintiff styled *Collins v. Siciliano & Associates, LLC and Salvatore J. Siciliano, Esquire* bearing Docket No. CAM-L-1342-20. Please see Complaint attached hereto as **Exhibit "G."**

8. On December 10, 2020, Plaintiff filed a Verified Complaint against the Collins seeking payment of their outstanding legal services bill in the amount of $29,831.17 styled *Siciliano & Associates, LLC v. Brian Collins and Barbara Collins* bearing Docket No. CAM-L-4053-20. Please see Complaint attached hereto as **Exhibit "H."**

9. Plaintiff Siciliano & Associates, LLC is an active New Jersey Limited Liability Company formed in December 2005 for the purpose of legal services.

10. Plaintiff is solely owned by attorney Salvatore J. Siciliano, Esquire who was admitted to the Bar for the State of New Jersey in 1992 and has been a practicing attorney within the jurisdiction of New Jersey for the last twenty-nine years.

3

11. Plaintiff Siciliano & Associates, LLC has been insured for professional malpractice since December 2005 and, other than the Complaint filed on April 7, 2020, the company and Mr. Siciliano, individually, have never been a party to a lawsuit for malpractice.

12. Even more, Plaintiff had never noticed a professional malpractice carrier of any 'potential claim' up until April 15, 2020 when Plaintiff placed Defendants on notice of a potential claim by the Collins for legal malpractice.

13. Plaintiff has been insured by Defendants for professional liability since December 22, 2018. Please see Insurance Policy attached hereto as **Exhibit "I."**

14. Plaintiff was insured by Defendants for the Policy Periods from December 22, 2018 to December 22, 2019 and December 22, 2019 to December 22, 2020 under Medmarc Policy No. 19MCNJ001148 (the "Medmarc Policy"). Please see December 22, 2018- December 22, 2019 Insurance Policy attached hereto as **Exhibit "I."** Please see December 22, 2019- December 22, 2020 Insurance Policy attached hereto as **Exhibit "J."**

15. By letter dated January 12, 2021, Defendants denied professional liability coverage under the Medmarc Policy for the legal malpractice action filed by Collins against Plaintiff bearing Docket No. CAM-L-1342-20. Please see Letter attached hereto as **Exhibit "K."**

4

16. Defendants denied coverage pursuant to Section 2.1.1 of the Medmarc Policy alleging that Plaintiff was "[a]ware of facts that reasonably could have been expected to result in a malpractice claim prior to the policy effective date of the Medmarc Policy – December 22, 2019." Please see Page 2 of Letter attached hereto as **Exhibit "K."**

## COUNT I

### Declaratory Judgment

17. Plaintiff has made repeated demands to Defendants for defense and indemnity in the malpractice action styled Brian Collins and Barbara Collins v. Siciliano & Associates, LLC bearing Docket No. CAM-L-1342-20 (the "malpractice action").

18. Plaintiff's demands for defense and indemnity have been refused by Defendants.

19. Plaintiff avers that Defendants' decision to refuse to defend and indemnify it in the malpractice action is an error based upon an incorrect interpretation of the facts and/or application of the law.

20. This Honorable Court has general subject matter jurisdiction pursuant to New Jersey's Declaratory Judgments Act codified at N.J. Stat. Ann. § 2A:16-50 to -62 to determine questions of actual controversy between the parties to this action as more fully set forth herein.

5

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE · HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

WHEREFORE, Plaintiff, demands judgment against Defendants Medmarc Casualty Insurance Company and LawyerCare as follows:

   a. Plaintiff is fully insured for the acts and allegations contained in the malpractice action pursuant to the policies of insurance issued by Defendants;

   b. Defendants are required to defend and further indemnify Plaintiffs in connection with the above-referenced suits;

   c. For damages, interest, attorney's fees, costs of suits and such other relief as the court may deem just and equitable.

### JURY DEMAND

Plaintiff, SICILIANO & ASSOCIATES, L.L.C., hereby demands trial by jury of all issues triable under the applicable law.

### NOTICE PURSUANT TO THE RULES

TAKE NOTICE that the undersigned attorney, counsel for Plaintiff, hereby demands, pursuant to R. 1:5-1(a) and R. 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answers to interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

6

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, SALVATORE J. SICILIANO, ESQUIRE is hereby designated as trial counsel on behalf of the law offices of Siciliano & Associates, L.L.C. for the Plaintiff in the within action.

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I certify that the matter at issue is not the subject of any other pending action or arbitration other than Brian Collins, et als v. PJW Services, LLC, et als., Docket No. CAM-L-2766-17 (on appeal Docket No. A-001437-19); Brian Collins, et als v. Siciliano & Associates, LLC, et als, Docket No. CAM-L-1342-20; and Siciliano & Associates, LLC v. Brian Collins, et als, Docket No. CAM-L-4053-29. All parties known to the Plaintiff have been joined in the within action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SICILIANO & ASSOCIATES, L.L.C.

By: _____
    Salvatore J. Siciliano, Esquire
    Counsel for Plaintiff, Siciliano & Associates, LLC

Dated: March 30 , 2021

7

# EXHIBIT C

WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey  07095
732.636.8000
Daniel J. Kluska, Esquire
NJ Attorney ID 034252007
Attorneys for Plaintiffs
Brian and Barbara Collins

                                    SUPERIOR COURT OF NEW JERSEY
                                    LAW DIVISION
                                    CAMDEN COUNTY
                                    DOCKET NO. CAM-L-

-------------------------------X
BRIAN COLLINS AND BARBARA      :
COLLINS, Husband and Wife,     :
                               :
          Plaintiffs,          :          Civil Action
                               :
v.                             :       **COMPLAINT AND**
                               :       **JURY DEMAND**
SICILIANO & ASSOCIATES, LLC    :
AND SALVATORE J. SICILIANO,    :
ESQUIRE,                       :
                               :
          Defendants.          :
-------------------------------X

     Plaintiffs, Brian and Barbara Collins, by way of Complaint

against Defendants, Siciliano & Associates, LLC and Salvatore J.

Siciliano, Esquire, state and allege as follows:

### THE PARTIES

     1.   Plaintiffs, Brian and Barbara Collins, husband and

wife, are individuals, citizens of the State of New Jersey, and

owners of a residential property located at 19 Upland Way, Haddonfield, NJ (the "Property").

2.     Upon information and belief, Defendant, Siciliano & Associates, LLC (the "Law Firm"), is a limited liability company incorporated under the law of the State of New Jersey, which is engaged in the practice of law and has a business address and principal place of business located at 16 South Haddon Avenue, Haddonfield, NJ.

3.     Upon information and belief, Defendant, Salvatore J. Siciliano, Esquire ("Siciliano"), is an individual, a citizen of the State of New Jersey, an attorney duly licensed to practice law in the State of New Jersey, and the principal and/or owner of Defendant, Siciliano & Associates, LLC.

4.     The Law Firm and Siciliano are referred to collectively herein as "Defendants."

### FACTS COMMON TO ALL COUNTS

**A.     The Underlying Litigation**

5.     In or about January 2010, Plaintiffs contracted with Thomas B. Wagner Architect and its principal, Thomas B. Wagner ("Wagner"), to provide architectural services in connection with Plaintiffs' home renovation project, which included the construction of a new two-car garage, on top of which a rooftop deck and entertaining area was to be constructed.

-2-

6.    At Wagner's recommendation, Plaintiffs agreed to have the construction performed by PJW Services, LLC a/k/a P.J. Ward and Sons ("PJW") in accordance with Wagner's architectural drawings.

7.    Construction of Plaintiffs' home renovation project commenced in or about October 21, 2010.

8.    During the construction, Plaintiffs observed some water intrusion in their newly constructed two-car garage, which they were advised was normal and would cease once construction was substantially completed.

9.    Construction was substantially completed in or about May 17, 2011.

10.   Pursuant to their respective agreements, Plaintiffs compensated Wagner approximately $13,387.00 for architectural services and PJW approximately $234,000.00 for construction services, paying $247,387.00 in total.

11.   To Plaintiffs' dismay, in or about March 2014, Plaintiffs observed water intrusion in their newly constructed two-car garage, which became more pronounced in the following weeks.

12.   After PJW failed to respond to Plaintiffs' request for repair, Plaintiffs retained another contractor to fix the problem.

-3-

13.   However, the water intrusion re-emerged in the spring of 2016.

14.   After PJW again refused to make repairs, Plaintiffs sought legal assistance from Defendants.

**B.   Defendants' Representation of Plaintiffs**

15.   On or about September 19, 2016, Plaintiffs retained Defendants to prosecute an action against Wagner and PJW for their deficient and negligent provision of architectural and construction services.   A true and correct copy of the Agreement to Provide Legal Services (the "Agreement") executed by the parties is attached hereto as Exhibit "A."

16.   Pursuant to the Agreement, Plaintiffs agreed to pay Defendants $350.00 per hour for legal services, along with fees and costs of litigation.   See id. at p.2.

17.   In exchange for the aforesaid compensation, Defendants agreed to promptly pursue the Plaintiffs' legal claims against Wagner and PJW providing "conscientious, competent and diligent services" and was to "seek to achieve solutions which are just and reasonable for [Plaintiffs]."   See id. at p.3.

18.   However, Defendants did not institute Plaintiffs' action against Wagner and PJW in any court of competent jurisdiction in the State of New Jersey, or any other state, until ten (10) months after having been retained.

-4-

#11209795.1(168520.001)

19.   On or about July 11, 2017, Defendants filed a Complaint in the New Jersey Superior Court, Law Division, Camden County captioned *Brian and Barbara Collins v. PJW Services, LLC a/k/a P.J. Ward and Sons, Thomas B. Wagner Architect, and Thomas B. Wagner*, Docket No. L-2766-17, asserting claims for violations of the Consumer Fraud Act, breach of contract and breach of express warranty.  A true and correct copy of the Complaint is attached hereto as Exhibit "B."

20.   On August 17, 2017, Defendants filed a First Amended Complaint against Wagner and PJW, in which they added a negligence claim against each defendant.  A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "C."

21.   In both the initial Complaint and the First Amended Complaint, Defendants averred: "Beginning on or about December 12, 2010, due to a deficient design and/or construction defect, water did not properly drain from the roof causing puddles of water to collect on the roof and/or water intrusion.  Moreover, the deficient drainage system caused a significant growth of mold."  See Exh. "B" and Exh. "C" at para. 14.

22.   In the First Amended Complaint, Defendants also averred that Wagner failed "to act pursuant to the terms of the

-5-

contract and in a reasonable professional manner[sic][.]" <u>See</u> Exh. "C" at para. 32.

23.   Defendants did not recommend that Plaintiffs' property be inspected by an architectural expert at any time before filing either the initial Complaint or First Amended Complaint.

24.   The Defendants did not, within 120 days of Wagner's filing of an Answer to the First Amended Complaint or at any time thereafter, serve or even attempt to serve an affidavit of merit ("AOM") from a licensed architect in support of Plaintiffs' claims against Wagner.

25.   On January 31, 2018, Wagner filed a motion to dismiss Plaintiffs' claims against Wagner based on Defendants' failure to file an AOM in support of Plaintiffs' claims within the statutorily prescribed period under <u>N.J.S.A.</u> 2A:53A-27.

26.   Defendants, despite having expressly pleaded -- twice -- that Plaintiffs' damages resulted from a "deficient design and/or construction defect," defended the motion claiming that an AOM was not required because Plaintiffs' theory of liability against Wagner was not for professional malpractice, but general negligence.

27.   Following a hearing on Wagner's motion to dismiss, the Court ordered discovery regarding the need for an AOM.

#11209795.1(168520.001)

28.  Defendants did not arrange for an expert architectural inspection until April 2018, and then, only after they were essentially required to do so by Court order.

29.  When Architect James Rappoport, AIA, NCARB inspected Plaintiffs' property, he confirmed that Wagner had -- in fact -- been professionally negligent.

30.  Faced with the realization that Defendants had unjustifiably, negligently and incompetently failed to conduct an inspection and provide an AOM in support of Plaintiffs' claims against Wagner, Defendants abruptly reversed their prior position and requested leave to file a Second Amended Complaint "adding" a claim for professional negligence against Wagner.

31.  Defendants further erred when they filed a motion for leave to amend on Plaintiffs' behalf but then failed to attach a proposed Second Amended Complaint and supporting AOM, requiring additional filings, and expense, to correct the error.  A true and correct copy of the trial court docket is attached hereto as Exhibit "D."

32.  Wagner opposed the motion for leave to amend and again moved to dismissed Plaintiffs' claims, again based on Defendants' failure to timely support the professional negligence claims with an AOM.

-7-

33.   During a hearing on the motion for leave to amend and Wagner's cross-motion to dismiss, Wagner argued that even if Defendants' failure to file an AOM did not require dismissal, their failure to file the Complaint within the applicable six-year limitations period did.

34.   Following this hearing, the Court ordered additional discovery and a subsequent <u>Lopez</u> hearing to determine the date on which Plaintiffs' claims against Wagner had accrued.

35.   During the discovery period, Defendants prepared answers to requests for admissions on Plaintiffs' behalf, a true and correct copy of which is attached hereto as Exhibit "E," in which Defendants admit, unequivocally, that:

a)   "[B]eginning on or about December 12, 2010, water did not properly drain from the roof." (para. 6).

b)   Defendants did not file their complaint on Plaintiffs' behalf until July 11, 2017. (para. 4).

c)   Plaintiffs were represented by Defendants prior to December 12, 2016. (para. 9-10).

d)   Defendants did not have an architectural expert investigate Plaintiffs' claims until April 2018. (para. 17).

36.   At the conclusion of the <u>Lopez</u> hearing, the trial court dismissed Plaintiffs' claims against Wagner in their

-8-

entirety, with prejudice, as barred by the applicable six-year statute of limitations.

37. Defendant Siciliano admitted to incompetent, deficient and negligent provision of legal services during the series of hearings held by the Court, stating on the record: "I'll admit to poor drafting."

38. Plaintiffs compensated Defendants and the experts recommended by Defendants more than $29,000.00 in the pursuit of Plaintiffs' meritorious claims against Wagner.

39. Plaintiffs' meritorious claims against Wagner were dismissed on procedural grounds as a direct and proximate result of Defendants' incompetent, deficient and negligent provision of legal services.

40. Following Wagner's dismissal, Plaintiffs retained new counsel and obtained a judgment in the amount of $143,725.50 against PJW.

41. However, despite diligent efforts to enforce the judgment, Plaintiffs have been unable to collect any portion of the sums due and owing from PJW on the judgment, due in part to the fact that PJW -- the contractor recommended by Wagner -- was uninsured.

42. Wagner, unlike PJW, is and was at all relevant times insured.

-9-

43. If Defendants had not been incompetent, deficient and negligent in their provision of legal services, Plaintiffs would have recovered the full amount of damages owed to them on the underlying meritorious claims against Wagner.

44. Plaintiffs have suffered damages in excess of $172,725.50 as a direct and proximate result of Defendants' incompetent, deficient and negligent provision of legal services, which resulted in Wagner's dismissal with prejudice from the underlying action.

**COUNT I**
**(Legal Malpractice Against Defendants)**

45. Plaintiffs repeat and re-allege all of the foregoing allegations as if fully set forth herein.

46. Defendants had an attorney-client relationship with Plaintiffs.

47. As such, Defendants owed a duty of care to Plaintiffs that included exercising the requisite level of professional care in pursuing Plaintiffs' claims against Wagner.

48. Defendants breached the duty of care they owed to Plaintiffs by, among other things:

   a) failing to timely advise Plaintiffs that an architectural inspection of their property was required;

-10-

b)    failing to recognize that the nature of the claims asserted against Wagner in the underlying lawsuit required the filing of an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27 et seq.;

c)    failing to timely file an Affidavit of Merit in support of Plaintiffs' claims against Wagner;

d)    failing to recognize the six-year statute of limitations applicable to Plaintiffs' claims against Wagner;

e)    failing to contact Wagner regarding Plaintiffs' claims until February 2017;

f)    failing to recognize the accrual date of Plaintiffs' claims against Wagner;

g)    failing to commence litigation against Wagner until July 11, 2017; and

h)    drafting pleadings on Plaintiffs' behalf that did not meet the standard of skill and care that is standard in the legal profession.

49.  Defendants' breach of duty, as stated in the preceding paragraphs, directly and proximately caused Plaintiffs to suffer damages in excess $172,725.50 as a result of the failed litigation against Wagner.

50.  Plaintiffs' damages did not result from any negligent or wrongful conduct of Plaintiffs.

#11209795.1(168520.001)

WHEREFORE, Plaintiffs, Brian and Barbara Collins, respectfully request damages against Defendants in an amount in excess of $172,725.50, together with interest, costs of suit, attorneys' fees, and such other and further relief as the Court may deem just, equitable and proper.

## COUNT II
### (Breach of Contract Against Defendants)

51.   Plaintiffs repeat and re-allege all of the foregoing allegations as if fully set forth herein.

52.   Pursuant to the Legal Services Agreement, Plaintiffs compensated Defendants and the experts recommended by Defendants an amount in excess of $29,000.00 to pursue claims against Wagner.

53.   Pursuant to the Legal Services Agreement, Defendants were required to promptly pursue Plaintiffs' claims against Wagner and PJW; they agreed to "begin work on [their] case upon receipt of a retainer," which they agreed to waive.

54.   Pursuant to the Legal Services Agreement, Defendants were required to provide "conscientious, competent and diligent services" in pursuit of Plaintiffs' legal claims against Wagner.

55.   Pursuant to the Legal Services Agreement, Plaintiffs were further required to "seek to achieve solutions which are just and reasonable for [Plaintiffs]." See Exh. "A" at p.3.

-12-

56.   Defendants breached their obligations to Plaintiffs under the Legal Services Agreement by, among other things:

a)   failing to timely advise Plaintiffs that an architectural inspection of their property was required;

b)   failing to recognize that the nature of the claims asserted against Wagner in the underlying lawsuit required the filing of an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27 et seq.;

c)   failing to timely file an Affidavit of Merit in support of Plaintiffs' claims against Wagner;

d)   failing to recognize the six-year statute of limitations applicable to Plaintiffs' claims against Wagner;

e)   failing to contact Wagner regarding Plaintiffs' claims until February 2017;

f)   failing to recognize the accrual date of Plaintiffs' claims against Wagner;

g)   failing to commence litigation against Wagner until July 11, 2017; and

h)   drafting pleadings on Plaintiffs' behalf which did not meet the standard of skill and care which is standard in the legal profession.

57.   Defendants' breach of the Legal Services Agreement, as stated in the preceding paragraphs, directly and proximately

-13-

caused Plaintiffs to suffer damages in excess $172,725.50 as a result of the dismissal of Plaintiffs' claims against Wagner.

58.   Plaintiffs' damages did not result from any breach or wrongful conduct of Plaintiffs.

WHEREFORE, Plaintiffs, Brian and Barbara Collins, respectfully request damages against Defendants in an amount in excess of $172,725.50, together with interest, costs of suit, attorneys' fees, and such other and further relief as the Court may deem just, equitable and proper.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiffs

By: _____
DANIEL J. KLUSKA

Dated: April 7, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Daniel J. Kluska, Esq. is hereby designated as trial counsel in the above matter for Plaintiffs Brian Collins and Barbara Collins.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiffs

By: _____
DANIEL J. KLUSKA

Dated: April 7, 2020

-14-

#11209795.1(168520.001)

## JURY DEMAND

Plaintiffs, Brian and Barbara Collins, demand trial by jury on all of the triable issues set forth in this Complaint pursuant to R. 1:8-2(b) and 4:35-1(a).

WILENTZ, GOLDMAN & SPITZER, P.A.<br>
Attorneys for Plaintiffs<br><br>
By: _____<br>
DANIEL J. KLUSKA

Dated: April 7, 2020

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendants disclose to Plaintiffs' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiffs' attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe, and umbrella polices.

WILENTZ, GOLDMAN & SPITZER, P.A.<br>
Attorneys for Plaintiffs<br><br>
By: _____<br>
DANIEL J. KLUSKA

Dated: April 7, 2020

-15-

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that, to the best of my knowledge, information and belief, that the matter in controversy herein is not the subject of any other proceeding pending in any court or any pending arbitration proceeding, that no other action or arbitration is contemplated, and that I am aware of no other party that should be joined in this action.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiffs

By_____
       DANIEL J. KLUSKA

Dated: April 7, 2020

–16–

# Exhibit "A"

## AGREEMENT TO PROVIDE LEGAL SERVICES (Hourly/Retainer Waived)

**LAW FIRM:**      SICILIANO & ASSOCIATES, LLC
                   Attorneys at Law
                   16 S. Haddon Avenue
                   Haddonfield, NJ 08033

**CLIENT:**        **Brian and Barbara Collins**
                   **Address:**      19 Upland Way
                                     Haddonfield, NJ 08033
                                     SSN: _____ ___ _____  D/B: _____
                                     Email: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
                                     Phone: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Matter of Representation:**      **Collins v. PJ Ward & Sons, PJ Ward, Individually and**
                                   **Thomas B. Wagner, Architect**

1.     <u>**Legal Services to be Provided:**</u>  You agree that the Law Firm will represent you in
the following matter:

2.     <u>**Additional Legal Services.**</u>  If you need any services which may or may not be related to the
above matter, you and the Law Firm may make a new agreement to provide the other services.

3.     <u>**Legal Fees.**</u>  It is impossible to predict the amount of time that will be spent or the expenses
that will be incurred in your case. Time and expenses often depend on the cooperation and willingness
to negotiate of other parties.  The Law Firm may have given you an estimate of the cost to handle this
matter, but your cost may be higher, depending on the actual time necessary.

       a.     <u>**Initial Payment.**</u>  The Law Firm will begin work on your case upon receipt of a
retainer of <u>waived</u>            ($_____). This sum will be used to pay your fees and expenses
according to this Agreement. The Law firm may request additional lump sum payments when the
initial payment is used up.  If you do not comply with this request, the Law firm may withdraw from
representing you

       As indicated above, **the retainer for services in this matter is** _____
<u>waived</u>        ($_____). Payment in full of the initial retainer is expected. The retainer will
be deposited into my firm's Attorney Trust Account for future legal fees and expenses to be billed
against.  You will receive a detailed invoice regarding all legal service providing including costs
and expenses prepaid by our office with regard to your matter.

       Each time your balance in my firm's Attorney Trust Account has reaches a balance of
<u>zero</u>           ($0) DOLLARS it will be required for you to **replenish your retainer with**
<u>zero</u>                   (**$ 0 ) for future billings to be applied**.

By signing the Hourly Agreement to Provide Legal Services, you agree to strictly abide by the terms of the Agreement. If you do not abide by the terms of the Agreement by failing to replenish your retainer, our law firm will immediately stop working on your case. If this occurs, you fully understand and have given your consent, to our law office, to be relieved as counsel and for our office to make an application to the Court to be relieved as counsel of record with the court. You also fully understand that a payment made pursuant to the payment plan will be forfeited.

    b.    **Hourly Rate.** You agree to pay the Law Firm for legal services at the following rates:

| Rate Per Hour | for Services of: |
| --- | --- |
| $350.00 | Senior Attorney |
| $250.00 | Junior Attorney |
| $125.00 | Senior Paralegal |
| $100.00 | Junior Paralegal |
| $110.00 | Law Clerk(s) |

If several timekeepers devote time to or confer concerning your file, each time keeper will bill for his respective services.

These rates are subject to revision from time to time in the normal course of business, and you agree to pay those revised rates for services rendered after the effective day of the rate change.

    c.    **All Services Will Be Billed.** You will be billed at the hourly rates set forth in paragraph 3B for all services rendered. This includes all travel time, telephone calls (minimum charge of 12 minutes) dictating and reviewing letters, legal research, negotiations and other service relating to this matter. All services are billed at a minimum of 12 minutes.

**4.**    **Costs and Expenses.** In addition to legal fees, you must pay the following costs and expenses:

Experts' fees, court costs, accountants' fees, appraisers' fees, service fees, investigator fees deposition costs, messenger services, photocopying charges (photocopy @ $.25 per page), telephone toll calls, postage and other necessary expenses in this matter. The Law Firm may require that expert(s) be retained directly by you. You would then be solely responsible to pay the expert(s).

**5.**    **Bills.** The Law Firm will send you itemized bills from time to time. You should read all statements sent to you very carefully. If you have any questions or believe there is an error, or object to the billing statement, you must notify the Law Firm within fourteen (14) days from the date of the statement. If no such notice is received, it is understood that the billing statement is accepted as correct, accurate and fair. You will be charged interest at a yearly rate of 18% on any remaining balance not paid within 30 days from the date of the bill.

The Law Firm may require that costs and expenses be paid in advance. All other bills for costs and legal services are due upon receipt.

If you do not pay your bill on time, the Law Firm shall be free to withdraw as your lawyer.

6.      **Your Responsibility.**  You must fully cooperate with the Law Firm and provide all information relevant to the issues involved in this matter.  You must also pay bills as required by this Agreement.  If you do not comply with these requirements, the Law Firm may withdraw from representing you.  The Law Firm will also withdraw at your request.  In either event you are still required to satisfy your obligation under this Agreement.

7.      **No Guarantee.**  The Law Firm agrees to provide conscientious, competent and diligent services and at all times will seek to achieve solutions which are just and reasonable for you.  However, because of the uncertainty of legal proceedings, because of legal interpretation and changes in the law and many unknown factors, the Law Firm cannot and does not warrant, predict or guarantee results.

8.      **Court Awarded Fees.**  In some instances, the Court will order another person to pay all or a portion of your fees and costs.  Court awarded fees and costs are, however, not predictable; therefore you are responsible for payment of the total fees and costs.  Amounts received pursuant to a Court Order, when collected by the law Firm, will be credited to your account.  The Court award of fees and costs, if any, will not set or limit your liability to the Law Firm for fees or costs charged pursuant to this Agreement.  If the Law Firm is required to collect any fees and costs awarded by taking collection actions, you agree to pay for those services under the terms of this Agreement.

9.      **Signatures.**  You and the Law Firm have read and agree to this Agreement.  The Law Firm has answered all your questions and fully explained this Agreement to your complete satisfaction.  You have been given a copy of this Agreement.

SICILIANO & ASSOCIATES, LLC

By: _____          Date: _9/19/16_____
        Salvatore J. Siciliano, Esquire

Clients: _____          Date: _9/19/16_____
        Brian Collins

Clients: _____          Date: _9/19/16_____
        Barbara Collins

3

# Exhibit "B"



LAW OFFICES

# SICILIANO & ASSOCIATES, LLC

**16 SOUTH HADDON AVENUE**
**P.O. BOX 25**
**HADDONFIELD, NJ 08033**
TEL: (856) 795-0500
FAX: (856) 795-5515
www.Sicilianolaw.com

SALVATORE J. SICILIANO *†
JAMES R. GLOWACKI*†

JAMES J. DIVERGILIS *†
*Of-Counsel*
ALBERT J. TALONE *†
*Of-Counsel*

JENNIFER P. IOMMIE
Paralegals

98 North Pearl Street
Bridgeton, NJ 08302

P.O. Box 51283
Philadelphia, PA 19115

*NJ BAR
†PA BAR

July 11, 2017

***Via Courthouse Courier Hand Delivery Only:***
Clerk, Law Division
CAMDEN COUNTY SUPERIOR COURT OF NEW JERSEY
101 S. 5th Street
Camden, NJ 08103

**Re:    Brian Collins and Barbara Collins, Husband and Wife v. PJW Services, LLC, a/k/a**
**P.J. Ward and Sons; Thomas B. Wagner, Architect; and Thomas B. Wagner,**
**Individually and as Representative of Thomas B. Wagner Architect**
***Plaintiff's Complaint***

Dear Sir/Madam:

This firm represents the Plaintiff, Brian Collins and Barbara Collins, in the above-captioned matter.

Enclosed please find for filing an original and two (2) copies of the following pleadings:

1.  CIS Statement; and
2.  Plaintiff's Complaint

Kindly file the original and return a "filed," date-stamped copy to this office in the self-addressed stamped envelope. Please charge this firm's Collateral Account #142712, two hundred and fifty dollars ($250.00) for the filing fee. Please feel free to contact our office should you have any questions.

**SICILIANO & ASSOCIATES**
**LLC**

**Camden County Superior Court**
**July 11, 2017**
**Page 2**

In closing, I remain,

Very truly yours,

**SICILIANO & ASSOCIATES, LLC**

By:

Salvatore J. Siciliano, Esquire

SJS/tmm
Enclosures
cc:      Client (*via regular mail only*)
         File

**SICILIANO & ASSOCIATES**
**LLC**

**SICILIANO & ASSOCIATES, LLC**
BY: Salvatore J. Siciliano, Esquire (NJ Bar ID# 02756-1992)
16 South Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-0500 Fax 856-795-5515
Attorney for Plaintiff, BRIAN COLLINS AND BARBARA COLLINS

| | |
|---|---|
| BRIAN COLLINS and BARBARA COLLINS, Husband and Wife <br><br> Plaintiffs, <br><br> vs. <br><br> PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect. <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CAMDEN COUNTY <br><br> Docket No. <br><br> CIVIL ACTION <br><br> **COMPLAINT and JURY TRIAL DEMAND** |

Plaintiffs, BRIAN COLLINS AND BARBARA COLLINS, residing at 19 Upland Way, Borough of Haddonfield, County of Camden, and State of New Jersey, by way of Complaint against the Defendants say:

<u>PARTIES</u>

1.  Plaintiffs, Brian Collins and Barbara Collins (hereinafter "Plaintiffs"), husband and wife and owners of a residential property located at 19 Upland Way, Borough of Haddonfield, County of Camden, and State of New Jersey (hereinafter "the Property").

2.  Defendant, PJW Services, L.L.C., a/k/a/, P.J. Ward and Sons (hereinafter

"Defendant PJW"), is a home remodeling contractor with a principal place of business located at 332 Haddon Avenue, 2nd Floor, Township of Haddon (Westmont), County of Camden and State of New Jersey.

3. Defendant Thomas B. Wagner Architect, LLC (hereinafter "T.W. Wagner") is an architectural firm with a principal business address of P.O. Box 2071, Borough of Haddonfield, County of Camden, and State of New Jersey.

4. Defendant Thomas B. Wagner (hereinafter "Defendant Wagner") is an individual and the owner of Defendant Thomas B. Wagner, Architect.

## FACTS

5. On January 4, 2010, Plaintiffs and Defendant Thomas B. Wagner, Architect entered into an Agreement for architectural services for home improvement work on the Property.

6. The Agreement provided for the conversion of the existing attached garage into a kitchen and family room space; the construction of a new attached two-car garage; the construction of a second story addition over the existing garage; and second floor deck over the new two-story garage on the Property.

7. Additionally, the Resolution of the Zoning Board of Adjustment of the Borough of Haddonfield Granting Variance Approval to Brian and Barbara Collins, shows how the subdivision was in three phases, detailing how the architectural services

were to be completed.

7. Phase Three of the Agreement is an optional provision titled "Construction Administration," which states that Defendant Wagner "will act as your agent to oversee the contractors' performance, monitor the progress of work, respond to questions from contractors, inspectors, and building code officials.  We will be present on the jobsite as required to ensure the work is done in conformance to the contract documents."

8. Additionally, Phase Three promises to "either bid the project to several builders or contract with a builder early on in the process who will provide estimates for construction based on the schemes we propose."

9. Plaintiffs accepted Phase Three of the Agreement and paid Defendant Wagner, for additional services that he would be providing.

10. On or about August 5, 2010, Plaintiffs accepted a proposed contract submitted by Defendant PJW, to perform the construction work on the Property for a total sum of "one hundred and ninety five thousand four hundred dollars ($195,400.00)."

11. The pricing was based and "in accordance with drawings per Thomas Wagner Architect."

12. Construction commenced on or about October of 2010.

13. However, shortly thereafter, Plaintiffs experienced multiple issues associated with the work performed by all Defendants.

14. Beginning on or about December 12, 2010, due to a deficient design and/ or construction defect, water did not properly drain from the roof causing puddles of water to collect on the roof and/ or water intrusion. Moreover, the deficient drainage system caused a significant growth of mold.

15. Defendant PJW did not use the building material described in the    plans    during construction.  In particular, the sheet rubber roof material listed in  the plans has a useful life of forty to fifty years; whereas the material actually used by Defendant PJW has a useful life of ten to fifteen years.

15. Plaintiffs initially notified Defendant PJW on or about December 12, 2010, again in the spring of 2011, and then a third time by telephone in the spring of 2014. Plaintiff notified Defendant a fourth and final time by way of letter dated August 28, 2016, advising of the leaking roof and need for mold remediation in the garage.

16. After the first signs of mold damage emerged in 2014, Plaintiffs notified Defendant PJW. However, Defendant PJW was unresponsive and failed to schedule an appointment to visit the Property to assess the damage.

17. Plaintiffs contacted another company to access and estimate the repairs needed for

the defective construction and to possibly complete and repair the defective construction. Plaintiffs notified Defendant PJW of the proposal to repair the defective construction by way of letter dated October 7, 2016.

18. The remedial work included the "removal of the existing composite decking, removal of existing roof membrane, removal of two (2) walls of screen porch access and the installation of new waterproofing, the installation of new fiberglass surface for waterproofing, installation of drainage holes on the same side of the garage, reparation of drywall and insulation of drywall in the garage, installation of decking on the screen porch only and installation of screen walls as required. Additional work will include removal of the garage door and garage door opener, the removal of damaged drywall, removal and installation of a new five (5) floor joist, mold remediation and installation of new drywall. Finally, the repaired areas will be painted as required."

19. Furthermore, Plaintiffs contacted Defendant Thomas B. Wagner, Architect regarding the defective construction. Defendant Wagner responded by way of electronic correspondence on February 25, 2017 that he did "not know how the roofing was installed and how it was lapped and the location of the seams," despite the fact that he agreed to act as Plaintiffs' agent and be present during construction under the Agreement for Architectural services.

20. Plaintiffs continued to negotiate with Defendant PJW to agree upon a proposal to repair the damages caused by the construction, and, on March 27, 2017, Plaintiffs executed a new Agreement to complete the necessary repair work at the Property.

21. However, thereafter, Defendant PJW failed to contact Plaintiffs to schedule the work. Plaintiffs' counsel contacted Defendant PJW on April 18, 2017 by way of electronic correspondence to inquire as to when the work would be scheduled.

22. On May 8, 2017, Defendant PJW sent Plaintiffs' counsel an electronic correspondence stating that the project had been delayed due to rain and that it would continue to be delayed for "a couple weeks."

23. As of the filing of this Complaint, Defendants have failed to return any of the funds paid by Plaintiffs and have failed to perform any remedial work to repair the damages caused by the defective construction.

24. By failing to perform the agreed upon services, Defendants PJW breached the terms of the contracts entered into with Plaintiffs, thereby entitling Plaintiffs to all funds paid for Defendant PJW's incomplete work.

### FIRST COUNT
### (VIOLATION OF CONSUMER FRAUD ACT N.J.S.A. § 56:8-2 – AFFIRAMTIVE ACT)

25.  Plaintiffs incorporate paragraphs one through twenty-seven (1-27) as restated fully herein.

26.  As a result of Defendant PJW's failure to use the agreed upon construction materials, failure to properly install decking resulting in torn/ damaged roofing materials, and failure to construct a proper drainage system on the newly constructed garage roof, Plaintiffs have suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to expend large sums of money to repair the negligent construction completed by Defendant PJW.

27.  Additionally, as a result of Defendant Thomas B. Wagner, Architect and Defendant Wagner's failure to ensure proper construction as promised in the Agreement for Architectural Services, Plaintiff has suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to expend large sums of money to repair damage.

28.  Thus, the affirmative conduct of Defendant PJW, Defendant Thomas B.

Wagner, Architect, and Defendant Wagner constitutes a violation of N.J.S.A. § 56:8-2.

**WHEREFORE,** the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a

representative of Thomas B. Wagner Architect for:

    a)     Compensatory Damages;

    b)     Punitive Damages;

    c)     Attorney's fees, Costs and Interests, and

    d)     Any other relief this Court deems just and necessary.

## <u>SECOND COUNT</u>
### (VIOLATION OF CONSUMER FRAUD ACT, N.J.S.A. § 56:8-2 – ACTS OF OMMISSION)

29. Plaintiffs incorporate paragraphs one through thirty one (1-31) as restated fully herein.

30. As a result of Defendant PJW's failure to use the agreed upon construction materials, failure to properly install decking resulting in torn/ damaged roofing materials, and failure to construct a proper drainage system on the newly constructed garage roof, Plaintiff has suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to expend large sums of money to repair the negligent construction completed by Defendant PJW.

31. Additionally, as a result of Defendant Thomas B. Wagner, Architect and Defendant Wagner's failure to ensure proper construction as promised in the Agreement for Architectural Services, Plaintiff has suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to

expend large sums of money to repair damage.

32. Thus, the failure of Defendants PJW, Defendant Thomas B. Wagner, Architect, and Defendant Wagner to act pursuant to the terms of the contract and in a reasonable professional matter of Defendant constitutes a violation of N.J.S.A. § 56:8-2.

**WHEREFORE**, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

    a)    Compensatory Damages;

    b)    Punitive Damages;

    c)    Attorney's fees, Costs and Interests, and

    d)    Any other relief this Court deems just and necessary.

### THIRD COUNT
**(VIOLATION OF CONSUMER FRAUD ACT – N.J.S.A. § 56:8-2 – BY AND THROUGH DEFENDANTS' VIOLATIONS OF N.J.A.C. §§ 13:45A-16.2(a)(2)(iii); (a)(3)(iv); and (a)(7)(ii)**

33. Plaintiff incorporates paragraphs one through thirty-five as restated fully herein.

34. Defendants' misrepresentations, unlawful substitution of contract specified products, and failure to begin and/or complete the work within time periods specified, constitute violations of "Home Improvement Practice" Regulations cited above, and therefore, are in violation of the Consumer Fraud Act.

**WHEREFORE**, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

      a)     Compensatory Damages;

      b)     Punitive Damages;

      c)     Attorney's fees, Costs and Interests, and

      d)     Any other relief this Court deems just and necessary.

## FOURTH COUNT
### (UNLAWFUL PRACTICES IN VIOLATION OF N.J.A.C. 13:45A–16.2(a)(2)(iii))

35. Plaintiff incorporates paragraphs one through thirty-one (1-35) as restated fully herein.

36. The conduct and/or omissions of Defendant PJW, Defendant Thomas B. Wagner, Architect, and Defendant Wagner as aforesaid herein constitutes a violation of N.J.A.C. 13:45A–16.2 and N.J.A.C. 13:45A–16.2(a)(2)(iii).

WHEREFORE, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

      a)     Compensatory Damages;

b)  Punitive Damages;

c)  Attorney's fees, Costs and Interests, and

d)  Any other relief this Court deems just and necessary.

### FIFTH COUNT
### (UNLAWFUL PRACTICES IN VIOLATION OF N.J.A.C. 13:45A–16.2(a)(3)(iv))

37. Plaintiff incorporates paragraphs one through thirty-nine (1-39) as restated fully herein.

38. The conduct and/or omissions of Defendants PJW Services, LLC, a/k/a/, P.J. Ward and Sons; Thomas B. Wagner Architect; and Thomas B. Wagner, as aforesaid herein constitutes a violation of N.J.A.C. 13:45A–16.2 and N.J.A.C. 13:45A–16.2(a)(3)(iv).

WHEREFORE, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

a)  Compensatory Damages;

b)  Punitive Damages;

c)  Attorney's fees, Costs and Interests, and

d)  Any other relief this Court deems just and necessary.

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

-11-

## SIXTH COUNT
### (UNLAWFUL PRACTICES IN VIOLATION OF N.J.A.C. 13:45A–16.2(a)(7)(ii))

39. Plaintiff incorporates paragraphs one through forty-one (1-41) as restated fully herein.

40. The conduct and/or omissions of Defendants PJW Services, LLC, a/k/a/, P.J. Ward and Sons; Thomas B. Wagner Architect; and Thomas B. Wagner as aforesaid herein constitutes a violation of N.J.A.C. 13:45A–16.2(a)(7)(ii).

WHEREFORE, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER for:

    a)    Compensatory Damages;

    b)    Punitive Damages;

    c)    Attorney's fees, Costs and Interests, and

    d)    Any other relief this Court deems just and necessary.

## SEVENTH COUNT
### BREACH OF CONTRACT

41. Plaintiff incorporates paragraphs one though forty-three (1-43) as restated fully herein.

42. Defendant PJW's failure to properly install decking and to construct a proper drainage system on the roof of the newly constructed garage and its failure to use the materials specified in the agreement constitutes a breach of the contract it entered into with Plaintiffs.

43. Further, Defendant Thomas B. Wagner, Architect's failure to ensure construction was

completed in conformance with the agreement constitutes a breach of the contract it entered into with Plaintiffs.

WHEREFORE, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER for:

a)      Compensatory Damages;

b)      Punitive Damages;

c)      Attorney's fees, Costs and Interests, and

d)      Any other relief this Court deems just and necessary.

e)      Such other relief that the Court may deem just and equitable.

## EIGHTH COUNT
### BREACH OF EXPRESS WARRANTY

44. Plaintiff incorporates paragraphs one though forty-six (1-46) as restated fully herein.

45. Defendant PJW's failure to properly install decking and to construct a proper drainage system on the roof of the newly constructed garage and its failure to use the materials specified in the agreement constitutes a breach of the contract it entered into with Plaintiffs.

46. Further, Defendant Thomas B. Wagner, Architect's failure to ensure construction was completed in conformance with the agreement constitutes a breach of the contract entered into with Plaintiffs.

WHEREFORE, the Plaintiffs, Brian and Barbara Collins, Husband and Wife, demand judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER for:

a)   Compensatory Damages;

b)   Punitive Damages;

c)   Attorney's fees, Costs and Interests, and

d)   Any other relief this Court deems just and necessary.

e)   Such other relief that the Court may deem just and equitable.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me is willfully false, I may be subject to punishment.

SICILIANO & ASSOCIATES, LLC

By: _____
Salvatore J. Siciliano, Esquire
Attorneys for Plaintiffs,
Brian Collins and Barbara Collins

Date: _July 11, 2017_

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

### JURY DEMAND

Plaintiffs, BRIAN COLLINS and BARBARA COLLINS, hereby demands trial by jury of all issues triable under the applicable law.

### NOTICE PURSUANT TO THE RULES

TAKE NOTICE that the undersigned attorney, counsel for the Plaintiff, hereby demands, pursuant to Rules 1:5-1(a) and 4:17-4 (c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answers to interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment.

If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification: (a) policy number (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

## DEMAND FOR ANSWERS TO INTERROGATORIES & SUPPLEMENTAL INTERROGATORIES

Plaintiff hereby requests that Defendants answer all questions in the Model Questions for Contract and Debt Collection Cases Where the Demand Exceeds $3,000 attached for your convenience within the time provided in accordance with Rule 4:17-4, et seq.  Plaintiff hereby requests that Defendants answer all Supplemental Interrogatories #1-10 when provided.

Plaintiff further request that all parties supply copies of any and all answers to Interrogatories that they have or will provide to other parties in this action.  Please note that this is a continuing request.

## NOTICE OF UTILIZATION OF TIME UNIT METHOD OF CALCULATING DAMAGES

Be advised that pursuant to Rule 1:7(b), Plaintiff may utilize the time unit method for calculating damages at the time of trial.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4 of the Rules of Civil Practice, SALVATORE J. SICILIANO, ESQUIRE is hereby designated as trial counsel on behalf of the law offices of Siciliano & Associates, LLC, attorney(s) for the Plaintiff in the within action.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that I am not aware that the within action is the subject matter of any other action or arbitration proceeding.  I am also unaware that any other action or arbitration

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

-16-

proceeding is contemplated.  I further certify that I am not aware of any parties that should be joined in this action.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me is willfully false, I may be subject to punishment.

SICILIANO & ASSOCIATES, LLC

By: _____
    Salvatore J. Siciliano, Esquire
    Attorneys for Plaintiff,
    Brian Collins and Barbara Collins

Date: _____

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Salvatore J. Siciliano, Esq. | (856) 795-0500 | Camden |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Siciliano & Associates, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 16 S. Haddon Ave. | Complaint and Jury Trial Demand |
| Haddonfield, N.J. 08033 | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Brian Collins and Barbara Collins | Brian Collins and Barbara Collins, h/w v. PJW Services a/k/a P.J. Ward and Sons, Thomas B. Wagner, Architect and Thomas B. Wagner, individually and as Representative of Thomas B. Wagner Architect |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO |
|---|---|---|
| 305 | ☐ YES   ■ NO | IF YOU HAVE CHECKED "YES", SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes   ■ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) | |
|---|---|---|
| ☐ Yes   ■ No | Unknown at this time | ☐ NONE   ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ■ Yes   ☐ No | ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) |
| | ☐ FAMILIAL   ■ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| ♿ | ☐ Yes   ■ No | |
| | WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| | ☐ Yes   ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | |
|---|---|
| 271 ACCUTANE/ISOTRETINOIN | 292 PELVIC MESH/BARD |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 293 DEPUY ASR HIP IMPLANT LITIGATION |
| 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 FOSAMAX | 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 STRYKER TRIDENT HIP IMPLANTS | 297 MIRENA CONTRACEPTIVE DEVICE |
| 286 LEVAQUIN | 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 YAZ/YASMIN/OCELLA | 300 TALC-BASED BODY POWDERS |
| 289 REGLAN | 601 ASBESTOS |
| 290 POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 PROPECIA |
| 291 PELVIC MESH/GYNECARE | 624 STRYKER LFIT CoCr V40 FEMORAL HEADS |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ Putative Class Action   ☐ Title 59

# Exhibit "C"



LAW OFFICES

# SICILIANO & ASSOCIATES, LLC

16 SOUTH HADDON AVENUE
P.O. BOX 25
HADDONFIELD, NJ 08033
TEL: (856) 795-0500
FAX: (856) 795-5515
www.Sicilianolaw.com

SALVATORE J. SICILIANO *†
JAMES R. GLOWACKI*†

JAMES J. DIVERGILIS *†
*Of-Counsel*
ALBERT J. TALONE *†
*Of-Counsel*

JENNIFER P. IOMMIE
Paralegals

98 North Pearl Street
Bridgeton, NJ 08302

P.O. Box 51283
Philadelphia, PA 19115

*NJ BAR
†PA BAR

August 17, 2017

***Via Courthouse Courier Hand Delivery Only:***
Clerk, Law Division
CAMDEN COUNTY SUPERIOR COURT OF NEW JERSEY
101 S. 5th Street
Camden, NJ 08103

Re:  **Brian Collins and Barbara Collins, Husband and Wife v. PJW Services, LLC, a/k/a P.J. Ward and Sons; Thomas B. Wagner, Architect; and Thomas B. Wagner, Individually and as Representative of Thomas B. Wagner Architect**
***Plaintiff's First Amended Complaint***
**Docket no. L-2766-17**

Dear Sir/Madam:

This firm represents the Plaintiff, Brian Collins and Barbara Collins, in the above-captioned matter.

Enclosed please find for filing an original and two (2) copies of the following pleadings:

1. CIS Statement; and
2. Plaintiff's First Amended Complaint

Kindly file the original and return a "filed," date-stamped copy to this office in the self-addressed stamped envelope. Please charge this firm's Collateral Account #142712, two hundred and fifty dollars ($250.00) for the filing fee. Please feel free to contact our office should you have any questions.

SICILIANO & ASSOCIATES
LLC

**Camden County Superior Court**
**August 17, 2017**
**Page 2**


In closing, I remain,

Very truly yours,

**SICILIANO & ASSOCIATES, LLC**

By:

Salvatore J. Siciliano, Esquire

SJS/tmm
Enclosures
cc:     Client (*via regular mail only*)
          File

SICILIANO & ASSOCIATES
LLC

**SICILIANO & ASSOCIATES, LLC**
BY: Salvatore J. Siciliano, Esquire (NJ Bar ID# 02756-1992)
16 South Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-0500 Fax 856-795-5515
Attorney for Plaintiff, BRIAN COLLINS AND BARBARA COLLINS

| | |
|---|---|
| BRIAN COLLINS and BARBARA COLLINS, Husband and Wife <br><br> Plaintiffs, <br><br> vs. <br><br> PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect. <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CAMDEN COUNTY <br><br> Docket No. L-2766-17 <br><br> CIVIL ACTION <br><br> **FIRST AMENDED COMPLAINT and JURY TRIAL DEMAND** |

Plaintiffs, BRIAN COLLINS AND BARBARA COLLINS, residing at 19 Upland Way, Borough of Haddonfield, County of Camden, and State of New Jersey, by way of Complaint against the Defendants say:

<u>**PARTIES**</u>

1.  Plaintiffs, Brian Collins and Barbara Collins (hereinafter "Plaintiffs"), husband and wife and owners of a residential property located at 19 Upland Way, Borough of Haddonfield, County of Camden, and State of New Jersey (hereinafter "the Property").

2.  Defendant, PJW Services, L.L.C., a/k/a/, P.J. Ward and Sons (hereinafter

"Defendant PJW"), is a home remodeling contractor with a principal place of business located at 332 Haddon Avenue, 2nd Floor, Township of Haddon (Westmont), County of Camden and State of New Jersey.

3.  Defendant Thomas B. Wagner Architect, LLC (hereinafter "T.W. Wagner") is an architectural firm with a principal business address of P.O. Box 2071, Borough of Haddonfield, County of Camden, and State of New Jersey.

4.  Defendant Thomas B. Wagner (hereinafter "Defendant Wagner") is an individual and the owner of Defendant Thomas B. Wagner, Architect.

## FACTS

5.  On January 4, 2010, Plaintiffs and Defendant Thomas B. Wagner, Architect entered into an Agreement for architectural services for home improvement work on the Property.

6.  The Agreement provided for the conversion of the existing attached garage into a kitchen and family room space; the construction of a new attached two-car garage; the construction of a second story addition over the existing garage; and second floor deck over the new two-story garage on the Property.

7.  Additionally, the Resolution of the Zoning Board of Adjustment of the Borough of Haddonfield Granting Variance Approval to Brian and Barbara Collins, shows how the subdivision was in three phases, detailing how the architectural services

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

−2−

were to be completed.

7. Phase Three of the Agreement is an optional provision titled "Construction Administration," which states that Defendant Wagner "will act as your agent to oversee the contractors' performance, monitor the progress of work, respond to questions from contractors, inspectors, and building code officials.  We will be present on the jobsite as required to ensure the work is done in conformance to the contract documents."

8. Additionally, Phase Three promises to "either bid the project to several builders or contract with a builder early on in the process who will provide estimates for construction based on the schemes we propose."

9. Plaintiffs accepted Phase Three of the Agreement and paid Defendant Wagner, for additional services that he would be providing.

10. On or about August 5, 2010, Plaintiffs accepted a proposed contract submitted by Defendant PJW, to perform the construction work on the Property for a total sum of "one hundred and ninety five thousand four hundred dollars ($195,400.00)."

11. The pricing was based and "in accordance with drawings per Thomas Wagner Architect."

12. Construction commenced on or about October of 2010.

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

–3–

13. However, shortly thereafter, Plaintiffs experienced multiple issues associated with the work performed by all Defendants.

14. Beginning on or about December 12, 2010, due to a deficient design and/ or construction defect, water did not properly drain from the roof causing puddles of water to collect on the roof and/ or water intrusion. Moreover, the deficient drainage system caused a significant growth of mold.

15. Defendant PJW did not use the building material described in the plans during construction. In particular, the sheet rubber roof material listed in the plans has a useful life of forty to fifty years; whereas the material actually used by Defendant PJW has a useful life of ten to fifteen years.

15. Plaintiffs initially notified Defendant PJW on or about December 12, 2010, again in the spring of 2011, and then a third time by telephone in the spring of 2014. Plaintiff notified Defendant a fourth and final time by way of letter dated August 28, 2016, advising of the leaking roof and need for mold remediation in the garage.

16. After the first signs of mold damage emerged in 2014, Plaintiffs notified Defendant PJW. However, Defendant PJW was unresponsive and failed to schedule an appointment to visit the Property to assess the damage.

17. Plaintiffs contacted another company to access and estimate the repairs needed for

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

−4−

the defective construction and to possibly complete and repair the defective construction.   Plaintiffs notified Defendant PJW of the proposal to repair the defective construction by way of letter dated October 7, 2016.

18. The remedial work included the "removal of the existing composite decking, removal of existing roof membrane, removal of two (2) walls of screen porch access and the installation of new waterproofing, the installation of new fiberglass surface for waterproofing, installation of drainage holes on the same side of the garage, reparation of drywall and insulation of drywall in the garage, installation of decking on the screen porch only and installation of screen walls as required. Additional work will include removal of the garage door and garage door opener, the removal of damaged drywall, removal and installation of a new five (5) floor joist, mold remediation and installation of new drywall.   Finally, the repaired areas will be painted as required."

19. Furthermore, Plaintiffs contacted Defendant Thomas B. Wagner, Architect regarding the defective construction.   Defendant Wagner responded by way of electronic correspondence on February 25, 2017 that he did "not know how the roofing was installed and how it was lapped and the location of the seams," despite the fact that he agreed to act as Plaintiffs' agent and be present during construction under the Agreement for Architectural services.

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

-5-

20. Plaintiffs continued to negotiate with Defendant PJW to agree upon a proposal to repair the damages caused by the construction, and, on March 27, 2017, Plaintiffs executed a new Agreement to complete the necessary repair work at the Property.

21. However, thereafter, Defendant PJW failed to contact Plaintiffs to schedule the work. Plaintiffs' counsel contacted Defendant PJW on April 18, 2017 by way of electronic correspondence to inquire as to when the work would be scheduled.

22. On May 8, 2017, Defendant PJW sent Plaintiffs' counsel an electronic correspondence stating that the project had been delayed due to rain and that it would continue to be delayed for "a couple weeks."

23. As of the filing of this Complaint, Defendants have failed to return any of the funds paid by Plaintiffs and have failed to perform any remedial work to repair the damages caused by the defective construction.

24. By failing to perform the agreed upon services, Defendants PJW breached the terms of the contracts entered into with Plaintiffs, thereby entitling Plaintiffs to all funds paid for Defendant PJW's incomplete work.

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

−6−

**FIRST COUNT**
**(VIOLATION OF CONSUMER FRAUD ACT N.J.S.A. § 56:8-2 – AFFIRAMTIVE ACT)**

25. Plaintiffs incorporate paragraphs one through twenty-four (1-24) as restated fully herein.

26. As a result of Defendant PJW's failure to use the agreed upon construction materials, failure to properly install decking resulting in torn/ damaged roofing materials, and failure to construct a proper drainage system on the newly constructed garage roof, Plaintiffs have suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to expend large sums of money to repair the negligent construction completed by Defendant PJW.

27. Additionally, as a result of Defendant Thomas B. Wagner, Architect and Defendant Wagner's failure to ensure proper construction as promised in the Agreement for Architectural Services, Plaintiff has suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to expend large sums of money to repair damage.

28. Thus, the affirmative conduct of Defendant PJW, Defendant Thomas B. Wagner, Architect, and Defendant Wagner constitutes a violation of N.J.S.A. § 56:8-2.

**WHEREFORE,** the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE * HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

–7–

representative of Thomas B. Wagner Architect for:

    a)    Compensatory Damages;

    b)    Punitive Damages;

    c)    Attorney's fees, Costs and Interests, and

    d)    Any other relief this Court deems just and necessary.

## SECOND COUNT
**(VIOLATION OF CONSUMER FRAUD ACT, N.J.S.A. § 56:8-2 – ACTS OF OMMISSION)**

29. Plaintiffs incorporate paragraphs one through twenty eight (1-28) as restated fully herein.

30. As a result of Defendant PJW's failure to use the agreed upon construction materials, failure to properly install decking resulting in torn/ damaged roofing materials, and failure to construct a proper drainage system on the newly constructed garage roof, Plaintiff has suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to expend large sums of money to repair the negligent construction completed by Defendant PJW.

31. Additionally, as a result of Defendant Thomas B. Wagner, Architect and Defendant Wagner's failure to ensure proper construction as promised in the Agreement for Architectural Services, Plaintiff has suffered extensive damage to its Property. Accordingly, Plaintiff has been and will continue to be caused to

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

–8–

expend large sums of money to repair damage.

32. Thus, the failure of Defendants PJW, Defendant Thomas B. Wagner, Architect, and Defendant Wagner to act pursuant to the terms of the contract and in a reasonable professional matter of Defendant constitutes a violation of N.J.S.A. § 56:8-2.

**WHEREFORE**, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

    a)    Compensatory Damages;

    b)    Punitive Damages;

    c)    Attorney's fees, Costs and Interests, and

    d)    Any other relief this Court deems just and necessary.

### THIRD COUNT
**(VIOLATION OF CONSUMER FRAUD ACT – N.J.S.A. § 56:8-2 – BY AND THROUGH DEFENDANTS' VIOLATIONS OF N.J.A.C. §§ 13:45A-16.2(a)(2)(iii); (a)(3)(iv); and (a)(7)(ii)**

33. Plaintiff incorporates paragraphs one (1) through thirty-two (32) as restated fully herein.

34. Defendants' misrepresentations, unlawful substitution of contract specified products, and failure to begin and/or complete the work within time periods specified, constitute violations of "Home Improvement Practice" Regulations cited above, and therefore, are in violation of the Consumer Fraud Act.

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

–9–

**WHEREFORE,** the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

      a)      Compensatory Damages;

      b)      Punitive Damages;

      c)      Attorney's fees, Costs and Interests, and

      d)      Any other relief this Court deems just and necessary.

### FOURTH COUNT
### (UNLAWFUL PRACTICES IN VIOLATION OF N.J.A.C. 13:45A–16.2(a)(2)(iii))

35. Plaintiff incorporates paragraphs one through thirty-four (1-34) as restated fully herein.

36. The conduct and/or omissions of Defendant PJW, Defendant Thomas B. Wagner, Architect, and Defendant Wagner as aforesaid herein constitutes a violation of N.J.A.C. 13:45A–16.2 and N.J.A.C. 13:45A–16.2(a)(2)(iii).

**WHEREFORE,** the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants, PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

      a)      Compensatory Damages;

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

    b)      Punitive Damages;

    c)      Attorney's fees, Costs and Interests, and

    d)      Any other relief this Court deems just and necessary.

### FIFTH COUNT
### (UNLAWFUL PRACTICES IN VIOLATION OF N.J.A.C. 13:45A–16.2(a)(3)(iv))

37. Plaintiff incorporates paragraphs one through thirty-six (1-36) as restated fully herein.

38. The conduct and/or omissions of Defendants PJW Services, LLC, a/k/a/, P.J. Ward and Sons; Thomas B. Wagner Architect; and Thomas B. Wagner, as aforesaid herein constitutes a violation of N.J.A.C. 13:45A–16.2 and N.J.A.C. 13:45A–16.2(a)(3)(iv).

WHEREFORE, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect for:

    a)      Compensatory Damages;

    b)      Punitive Damages;

    c)      Attorney's fees, Costs and Interests, and

    d)      Any other relief this Court deems just and necessary.

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

-11-

## SIXTH COUNT
### (UNLAWFUL PRACTICES IN VIOLATION OF N.J.A.C. 13:45A–16.2(a)(7)(ii))

39. Plaintiff incorporates paragraphs one through thirty eight (1-38) as restated fully herein.

40. The conduct and/or omissions of Defendants PJW Services, LLC, a/k/a/, P.J. Ward and Sons; Thomas B. Wagner Architect; and Thomas B. Wagner as aforesaid herein constitutes a violation of N.J.A.C. 13:45A–16.2(a)(7)(ii).

WHEREFORE, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER for:

    a)    Compensatory Damages;

    b)    Punitive Damages;

    c)    Attorney's fees, Costs and Interests, and

    d)    Any other relief this Court deems just and necessary.

## SEVENTH COUNT
### BREACH OF CONTRACT

41. Plaintiff incorporates paragraphs one though forty (1-40) as restated fully herein.

42. Defendant PJW's failure to properly install decking and to construct a proper drainage system on the roof of the newly constructed garage and its failure to use the materials specified in the agreement constitutes a breach of the contract it entered into with Plaintiffs.

43. Further, Defendant Thomas B. Wagner, Architect's failure to ensure construction was

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

-12-

completed in conformance with the agreement constitutes a breach of the contract it entered into with Plaintiffs.

WHEREFORE, the Plaintiff, Brian and Barbara Collins, Husband and Wife, demands judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER for:

a)  Compensatory Damages;

b)  Punitive Damages;

c)  Attorney's fees, Costs and Interests, and

d)  Any other relief this Court deems just and necessary.

e)  Such other relief that the Court may deem just and equitable.

## EIGHTH COUNT
### BREACH OF EXPRESS WARRANTY

44. Plaintiff incorporates paragraphs one though forty-three (1-43) as restated fully herein.

45. Defendant PJW's failure to properly install decking and to construct a proper drainage system on the roof of the newly constructed garage and its failure to use the materials specified in the agreement constitutes a breach of the contract it entered into with Plaintiffs.

46. Further, Defendant Thomas B. Wagner, Architect's failure to ensure construction was completed in conformance with the agreement constitutes a breach of the contract entered into with Plaintiffs.

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

WHEREFORE, the Plaintiffs, Brian and Barbara Collins, Husband and Wife, demand judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER for:

    a)    Compensatory Damages;

    b)    Punitive Damages;

    c)    Attorney's fees, Costs and Interests, and

    d)    Any other relief this Court deems just and necessary.

    e)    Such other relief that the Court may deem just and equitable.

## NINTH COUNT
## NEGLIGENCE AGAINST DEFENDANTS
## PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS

47. Plaintiff incorporates paragraphs one though forty-six (1-46) as restated fully herein.

48. Defendant PJW owed a duty to Plaintiffs to professionally and competently perform construction services on Plaintiffs' home.

49. Defendant PJW breached the duty owed to Plaintiff, by failing to complete the work in a professional and workmanlike manner, and by failing to complete the work "in accordance with drawings per Thomas Wagner Architect."

50. Defendant PJW also failed to conform to professional industry standards in the manner in which it conducted its work.

51. As a direct and proximate result of Defendant PJW's breach of duty, Plaintiff suffered and

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

-14-

continues to suffer ongoing damages, including a damaged and leaking roof and a significant amount of mold intrusion.

WHEREFORE, the Plaintiffs, Brian and Barbara Collins, Husband and Wife, demand judgment against the Defendants PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; for:

    a)    Compensatory Damages;

    b)    Punitive Damages;

    c)    Attorney's fees, Costs and Interests, and

    d)    Any other relief this Court deems just and necessary.

    e)    Such other relief that the Court may deem just and equitable.

## TENTH COUNT
### NEGLIGENCE AGAINST DEFENDANT
### THOMAS B. WAGNER, ARCHITECT
### and THOMAS B. WAGNER

52. Plaintiff incorporates paragraphs one though fifty one (1-51) as restated fully herein.

53. Defendant THOMAS B. WAGNER, ARCHITECT / THOMAS B. WAGNER owed a duty to Plaintiffs to professionally and competently render construction management services with respect to the construction on Plaintiff's home.

54. Further, Defendant THOMAS B. WAGNER, ARCHITECT / THOMAS B. WAGNER owed a duty to professionally and competently monitor the work ongoing at Plaintiff's

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

-15-

home, specifically by "oversee[ing] the contractors performance, monitor[ing] the progress of the work, respond[ing] to questions from contractors inspectors, and building code officials." Defendant Wager had a duty to "be present on the jobsite as required to ensure the work is done in conformance to the contract documents."

55. Defendant THOMAS B. WAGNER, ARCHITECT / THOMAS B. WAGNER breached this duty, as evidenced by the defective work performed at Plaintiff's home, and the improper and non-conforming materials utilized in construction.

56. Further, as THOMAS B. WAGNER, ARCHITECT / THOMAS B. WAGNER admits, "I do not know how the roofing was installed and how it was lapped and the location of the seams." This constitutes a clear admission of his breach of duty to monitor the jobsite "to ensure the work is done in conformance with the contract documents."

57. As a direct and proximate result of Defendant THOMAS B. WAGNER, ARCHITECT / THOMAS B. WAGNER's breach of duty, Plaintiff suffered and continues to suffer ongoing damages, including a damaged and leaking roof and a significant amount of mold intrusion.

WHEREFORE, the Plaintiffs, Brian and Barbara Collins, Husband and Wife, demand judgment against the Defendant THOMAS B. WAGNER, ARCHITECT / THOMAS B. WAGNER; for:

      a)      Compensatory Damages;

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

-16-

b)   Punitive Damages;

c)   Attorney's fees, Costs and Interests, and

d)   Any other relief this Court deems just and necessary.

e)   Such other relief that the Court may deem just and equitable.

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me is willfully false, I may be subject to punishment.

SICILIANO & ASSOCIATES, LLC

By: _____
Salvatore J. Siciliano, Esquire
Attorneys for Plaintiffs,
Brian Collins and Barbara Collins

Date: 8/17/17

### JURY DEMAND

Plaintiffs, BRIAN COLLINS and BARBARA COLLINS, hereby demands trial by jury of all issues triable under the applicable law.

### NOTICE PURSUANT TO THE RULES

TAKE NOTICE that the undersigned attorney, counsel for the Plaintiff, hereby demands, pursuant to Rules 1:5-1(a) and 4:17-4 (c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answers to interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment.

If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification: (a) policy number (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

## DEMAND FOR ANSWERS TO INTERROGATORIES & SUPPLEMENTAL INTERROGATORIES

Plaintiff hereby requests that Defendants answer all questions in the Model Questions for Contract and Debt Collection Cases Where the Demand Exceeds $3,000 attached for your convenience within the time provided in accordance with Rule 4:17-4, et seq.  Plaintiff hereby requests that Defendants answer all Supplemental Interrogatories #1-10 when provided.

Plaintiff further request that all parties supply copies of any and all answers to Interrogatories that they have or will provide to other parties in this action.  Please note that this is a continuing request.

## NOTICE OF UTILIZATION OF TIME UNIT METHOD OF CALCULATING DAMAGES

Be advised that pursuant to Rule 1:7(b), Plaintiff may utilize the time unit method for calculating damages at the time of trial.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4 of the Rules of Civil Practice, SALVATORE J. SICILIANO, ESQUIRE is hereby designated as trial counsel on behalf of the law offices of Siciliano & Associates, LLC, attorney(s) for the Plaintiff in the within action.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that I am not aware that the within action is the subject matter of any other action or arbitration proceeding.  I am also unaware that any other action or arbitration

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

-19-

proceeding is contemplated.  I further certify that I am not aware of any parties that should be joined in this action.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me is willfully false, I may be subject to punishment.

SICILIANO & ASSOCIATES, LLC

By: _____

Salvatore J. Siciliano, Esquire
Attorneys for Plaintiff,
Brian Collins and Barbara Collins

Date: 8/17/17

*LAW OFFICES*
*SICILIANO & ASSOCIATES, LLC*
*16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033*
*TELEPHONE (856) 795-0500*

−20−

**Appendix XII-B1**

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT** (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |



| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Salvatore J. Siciliano, Esq. | TELEPHONE NUMBER (856) 795-0500 | COUNTY OF VENUE Camden |
|---|---|---|
| FIRM NAME (if applicable) Siciliano & Associates, LLC | | DOCKET NUMBER (when available) L-2766-17 |
| OFFICE ADDRESS 16 S. Haddon Ave. Haddonfield, N.J. 08033 | | DOCUMENT TYPE First Amended Complaint |
| | | JURY DEMAND ☑ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) BRIAN COLLINS and BARBARA COLLINS, Husband and Wife | CAPTION Brian Collins and Barbara Collins, h/w v. PJW Services a/k/a P.J. Ward and Sons, Thomas B. Wagner, Architect and Thomas B. Wagner, individually and as Representative of Thomas B. Wagner Architect |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) 305 | HURRICANE SANDY RELATED? ☐ YES ☑ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☑ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES ☑ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☑ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☑ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☑ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☑ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☑ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES ☑ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _[signature]_  8/17/17

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I  -  150 days' discovery
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

### Track II  -  300 days' discovery
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

### Track III  -  450 days' discovery
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV  -  Active Case Management by Individual Judge / 450 days' discovery
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 292 | PELVIC MESH/BARD |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 289 | REGLAN | 601 | ASBESTOS |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 | PROPECIA |
| 291 | PELVIC MESH/GYNECARE | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**       ☐ **Title 59**

# Exhibit "D"

4/6/2020                                                    eCourts Civil Case Jacket

Judiciary eCourts System - Civil Part

- Home
- Help
- Logout

CASE JACKET
User:KATHERINE HOPKINS
Docket Number: CAM L 002766 - 17

Back                                                                Create Summary Report

Case Caption: Collins Vs Pjw Services Llc

| | | |
|---|---|---|
| Court: Civil Part | Venue: Camden | Case Initiation Date: 07/11/2017 |
| Case Type: Construction | Case Status: Closed | Jury Demand: 6 Jurors |
| Case Track: 2 | Judge: Michael J Kassel | Team: 202 |
| # of Discovery Days: 743 | Age of Case: 00 YR 00 MO | Consolidated Case: N |
| Original Discovery End Date: 07/24/2018 | Current Discovery End Date: 10/10/2019 | # of DED Extensions: 2 |
| Original Arbitration Date: | Current Arbitration Date: | # of Arb Adjournments: 0 |
| Original Trial: 03/04/2019 | Current Trial Date: | # of Trial Date Adjournments: 2 |
| Disposition Date: 10/31/2019 | Case Disposition: Settled-While Scheduled For Trial | Statewide Lien: J -177516-19 |

Plaintiffs (2)    Defendants (3)    Case Proceedings (23)    ACMS Documents (38)    Fees (42)

| Date Filed | Doc Number | Document Type | Filing Party | Doc Status | CO/ID Type | Date Served | Svc Status | Party Svd |
|---|---|---|---|---|---|---|---|---|
| 07/11/2017 | 001 | COMP JRY DEMAND | COLLINS | | | | | |
| 08/17/2017 | 002 | COMP AMENDED | COLLINS | | | | | |
| 09/25/2017 | 004 | STIP EXT TIM AN | THOMAS B WAGNER ARCH | | | | | |
| 09/26/2017 | 005 | ANS CROSS&JRYD | THOMAS B WAGNER ARCH | | | | | |
| 09/27/2017 | 003 | ANS CROSS&JRYD | PJW SERVICES LLC | | | | | |
| 01/25/2018 | 006 | REF MED NO STAY | COURT INIT | GR | | | | |
| 01/31/2018 | 007 | MOTN DISMISSAL | THOMAS B WAGNER ARCH | PR | | | | |
| 02/16/2018 | 008 | ORDR DISMISSAL | THOMAS B WAGNER ARCH | PR | | | | |
| 05/11/2018 | 009 | ORDR EXTND DISC | COLLINS | GR | | | | |
| 07/10/2018 | 010 | MOTN FL AMD CMP | COLLINS | PR | | | | |
| 07/26/2018 | 011 | MOTN DISM COMPL | WAGNER | PR | | | | |
| 08/09/2018 | 012 | OBJECT MOTION | COLLINS | | | | | |
| 08/13/2018 | 013 | MISC BRIEF | THOMAS B WAGNER ARCH | | | | | |
| 08/16/2018 | 014 | OBJECT MOTION | COLLINS | | | | | |
| 08/17/2018 | 015 | ORDR FLAMD CMP | COLLINS | PR | | | | |
| 08/17/2018 | 016 | ORDR DISM CMPL | WAGNER | PR | | | | |

4/6/2020                                        eCourts Civil Case Jacket

| Date Filed | Doc Number | Document Type | Filing Party | Doc Status | CO/ID Type | Date Served | Svc Status | Party Svd |
|---|---|---|---|---|---|---|---|---|
| 10/24/2018 | 017 | MEDIAT UNSUCCES | COURT INIT | | | | | |
| 01/29/2019 | 018 | MISC BRIEF | THOMAS B WAGNER ARCH | | | | | |
| 02/01/2019 | 019 | MISC BRIEF | COLLINS | | | | | |
| 02/06/2019 | 020 | ORDR DISM CMPL | THOMAS B WAGNER ARCH | GR | | | | |
| 04/30/2019 | 021 | MISC SUB ATTY | PJW SERVICES LLC | | | | | |
| 05/06/2019 | 022 | ACKNOWLDG SERVC | COLLINS | | | | | |
| 05/06/2019 | 023 | MISC SUB ATTY | COLLINS | | | | | |
| 05/21/2019 | 024 | MTN AD PR HC VC | COLLINS | GR | | | | |
| 06/07/2019 | 025 | ORD AD PR HC VC | COLLINS | GR | | | | |
| 07/03/2019 | 026 | MISC SUB ATTY | COLLINS | | | | | |
| 08/30/2019 | 027 | CERTIFICTN | COLLINS | | | | | |
| 09/10/2019 | 028 | MOTN COMP DISCR | COLLINS | GR | | | | |
| 09/27/2019 | 029 | ORDR COMP DISCR | COLLINS | GR | | | | |
| 10/08/2019 | 030 | MISC DEG TR ATT | COLLINS | | | | | |
| 10/31/2019 | 031 | ORDR ENT JUDGMT | COLLINS | GR | | | | |
| 11/22/2019 | 032 | PET FR DISCOVRY | COLLINS | | | | | |
| 12/03/2019 | 033 | ORDR DISCOVERY | COLLINS | GR | | | | |
| 12/16/2019 | 035 | XNOTC APPEAL | THOMAS B WAGNER ARCH | | | | | |
| 12/16/2019 | 036 | MISC OTHER | THOMAS B WAGNER ARCH | | | | | |
| 01/30/2020 | 037 | WRIT EXEC | COLLINS | | | | | |
| 01/30/2020 | 038 | WRIT EXEC | COLLINS | | | | | |
| 01/31/2020 | 039 | WRIT EXEC | COLLINS | | | | | |

Showing 1 to 38 of 38 entries

**Case Actions**

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 09/26/2017 | | ANSWER W/CrossClaim W/Jury Demand submitted by OSORIO, JOHN, H of MARSHALL DENNEHEY WARNER COLEMAN ET AL on behalf of THOMAS B WAGNER ARCHITECT, THOMAS B WAGNER against BRIAN COLLINS, BARBARA COLLINS | LCV2017247120 | 09/26/2017 |
| 09/27/2017 | | ANSWER w/3rd Party Claim W/Jury Demand submitted by MADDEN, MATTHEW, PAUL of MADDEN & MADDEN, PA on behalf of PJW SERVICES LLC against BRIAN COLLINS, BARBARA COLLINS | LCV2017255960 | 09/27/2017 |
| 01/26/2018 | | MEDIATION submitted by Case Management | LCV2018161438 | 01/26/2018 |
| 01/31/2018 | | MOTION FOR DISMISSAL submitted by OSORIO, JOHN, H of MARSHALL DENNEHEY WARNER COLEMAN ET AL on behalf of THOMAS B WAGNER ARCHITECT, THOMAS B WAGNER against BRIAN COLLINS, BARBARA COLLINS | LCV2018195275 | 01/31/2018 |

4/6/2020                                        eCourts Civil Case Jacket

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 02/02/2018 | ✉ | The motion filed on 01/31/2018 will be decided on 02/16/2018. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION FOR DISMISSAL [LCV2018195275] | LCV2018213456 | 02/02/2018 |
| 02/08/2018 | 📎 ✉ | OPPOSITION TO MOTION submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BRIAN COLLINS, BARBARA COLLINS against PJW SERVICES LLC, THOMAS B WAGNER ARCHITECT, THOMAS B WAGNER | LCV2018249657 | 02/08/2018 |
| 02/12/2018 | 📎 ✉ | REPLY BRIEF submitted by OSORIO, JOHN, H of MARSHALL DENNEHEY WARNER COLEMAN ET AL on behalf of THOMAS B WAGNER ARCHITECT, THOMAS B WAGNER against BRIAN COLLINS, BARBARA COLLINS | LCV2018262453 | 02/12/2018 |
| 02/13/2018 | 📎 ✉ | REPLY BRIEF submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BRIAN COLLINS, BARBARA COLLINS against PJW SERVICES LLC, THOMAS B WAGNER ARCHITECT, THOMAS B WAGNER | LCV2018276546 | 02/13/2018 |
| 02/14/2018 | 📎 ✉ | Oral argument has been granted. Hearing is scheduled on 02/16/2018 with Judge KASSEL, MICHAEL, J, Court Room 32 . re: MOTION FOR DISMISSAL [LCV2018195275] | LCV2018278120 | 02/14/2018 |
| 02/16/2018 | 📎 ✉ | MEDIATION submitted by Case Management | LCV2018297280 | 02/16/2018 |
| 02/16/2018 | 📎 ✉ | ORDER FOR DISMISSAL-Partial by Judge KASSEL, MICHAEL, J re: MOTION FOR DISMISSAL [LCV2018195275] | LCV2018317605 | 02/20/2018 |
| 02/24/2018 | 📎 ✉ | COURT submitted by Case Management | LCV2018344820 | 02/24/2018 |
| 05/03/2018 | 📎 ✉ | COURT Notice submitted by Case Management | LCV2018775458 | 05/03/2018 |
| 05/03/2018 | 📎 ✉ | GENERAL CORRESPONDENCE submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2018777264 | 05/03/2018 |
| 05/09/2018 | 📎 ✉ | COURT Notice submitted by Case Management | LCV2018809467 | 05/09/2018 |
| 05/09/2018 | 📎 ✉ | 5-DAY ORDER submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2018819088 | 05/09/2018 |
| 05/11/2018 | 📎 ✉ | Case Management Order-Court Initiated - GRANTED by Judge KASSEL, MICHAEL, J | LCV2018835530 | 05/11/2018 |
| 05/14/2018 | 📎 ✉ | DISCOVERY END DATE REMINDER Notice submitted by Case Management | LCV2018840134 | 05/14/2018 |
| 07/10/2018 | 📎 ✉ | MOTION TO FILE OR AMEND COMPLAINT submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT *LINKED FILING* | LCV20181194631 | 07/10/2018 |
| 07/12/2018 | ✉ | The motion filed on 07/10/2018 will be decided on 08/03/2018. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO FILE OR AMEND COMPLAINT [LCV20181194631] | LCV2018120941 | 07/12/2018 |
| 07/26/2018 | 📎 ✉ | CROSS MOTION DISMISSING COMPLAINT submitted by OSORIO, JOHN, H of MARSHALL DENNEHEY WARNER COLEMAN ET AL on behalf of THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT against BARBARA COLLINS, BRIAN COLLINS, PJW SERVICES LLC *LINKED FILING* | LCV2018130100 | 07/26/2018 |
| 07/27/2018 | ✉ | The motion filed on 07/26/2018 will be decided on 08/03/2018. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: CROSS MOTION DISMISSING COMPLAINT [LCV2018130100] | LCV2018130314 | 07/27/2018 |
| 07/27/2018 | ✉ | The motion filed on 07/10/2018 was rescheduled to 08/17/2018. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO FILE OR AMEND COMPLAINT [LCV20181194631] | LCV2018130481 | 07/27/2018 |
| 07/27/2018 | ✉ | The motion filed on 07/26/2018 was rescheduled to 08/17/2018. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: CROSS MOTION DISMISSING COMPLAINT [LCV2018130100] | LCV2018130483 | 07/27/2018 |
| 07/27/2018 | 📎 ✉ | GENERAL CORRESPONDENCE submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2018130491 | 07/27/2018 |
| 07/27/2018 | 📎 ✉ | GENERAL CORRESPONDENCE submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2018130638 | 07/27/2018 |
| 08/09/2018 | 📎 ✉ | OPPOSITION TO MOTION submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT *LINKED FILING* | LCV2018138500 | 08/09/2018 |

4/6/2020                                    eCourts Civil Case Jacket

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 08/13/2018 | | REPLY BRIEF submitted by OSORIO, JOHN, H of MARSHALL DENNEHEY WARNER COLEMAN ET AL on behalf of THOMAS B WAGNER ARCHITECT against BARBARA COLLINS, BRIAN COLLINS, PJW SERVICES LLC *LINKED FILING* | LCV2018139974 | 08/13/2018 |
| 08/15/2018 | | Oral argument has been granted. Hearing is scheduled on 08/17/2018 with Judge KASSEL, MICHAEL, J, Court Room 32 . re: MOTION TO FILE OR AMEND COMPLAINT [LCV20181194631] | LCV2018141268 | 08/15/2018 |
| 08/15/2018 | | Oral argument has been granted. Hearing is scheduled on 08/17/2018 with Judge KASSEL, MICHAEL, J, Court Room 32 . re: CROSS MOTION DISMISSING COMPLAINT [LCV20181301006] | LCV2018141269 | 08/15/2018 |
| 08/16/2018 | | AFFIDAVIT OF MERIT submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2018142729 | 08/16/2018 |
| 08/17/2018 | | ORDER TO FILE OR AMEND COMPLAINT-Partial by Judge KASSEL, MICHAEL, J re: MOTION TO FILE OR AMEND COMPLAINT [LCV20181194631] | LCV2018143429 | 08/17/2018 |
| 08/17/2018 | | ORDER DISMISSING COMPLAINT-Partial by Judge KASSEL, MICHAEL, J re: CROSS MOTION DISMISSING COMPLAINT [LCV20181301006] | LCV2018143430 | 08/17/2018 |
| 08/18/2018 | | COURT Notice submitted by Case Management | LCV2018143719 | 08/18/2018 |
| 08/20/2018 | | DISCOVERY END DATE REMINDER Notice submitted by Case Management | LCV2018143978 | 08/20/2018 |
| 09/13/2018 | | GENERAL CORRESPONDENCE submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2018158627 | 09/13/2018 |
| 10/11/2018 | | GENERAL CORRESPONDENCE submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2018177321 | 10/11/2018 |
| 10/12/2018 | | COURT Notice submitted by Case Management | LCV2018178013 | 10/12/2018 |
| 11/09/2018 | | BRIEF submitted by OSORIO, JOHN, H of MARSHALL DENNEHEY WARNER COLEMAN ET AL on behalf of THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT against BARBARA COLLINS, BRIAN COLLINS, PJW SERVICES LLC | LCV2018195951 | 11/09/2018 |
| 11/17/2018 | | COURT Notice submitted by Case Management | LCV2018200626 | 11/17/2018 |
| 12/20/2018 | | COURT Notice submitted by Case Management | LCV2018220317 | 12/20/2018 |
| 12/29/2018 | | COURT Notice submitted by Case Management | LCV2018224510 | 12/29/2018 |
| 01/25/2019 | | ADJOURNMENT REQUEST submitted by SICILIANO, SALVATORE, J of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019160730 | 01/25/2019 |
| 01/29/2019 | | COURT Notice submitted by Case Management | LCV2019173712 | 01/29/2019 |
| 01/29/2019 | | BRIEF submitted by OSORIO, JOHN, H of MARSHALL DENNEHEY WARNER COLEMAN ET AL on behalf of THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT against BARBARA COLLINS, BRIAN COLLINS | LCV2019181254 | 01/29/2019 |
| 02/01/2019 | | BRIEF submitted by HAGNER, MICHAEL, JAMES of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019206238 | 02/01/2019 |
| 02/06/2019 | | Order Dismissing Complaint - GRANTED by Judge KASSEL, MICHAEL, J | LCV2019232095 | 02/06/2019 |
| 02/28/2019 | | ADJOURNMENT REQUEST submitted by HAGNER, MICHAEL, JAMES of SICILIANO & ASSOCIATES, LLC on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019371263 | 02/28/2019 |
| 03/01/2019 | | COURT Notice submitted by Case Management | LCV2019376072 | 03/01/2019 |
| 04/30/2019 | | SUBSTITUTE ATTORNEY submitted by CARUSILLO, MARK, G of MARK G CARUSILLO on behalf of PJW SERVICES LLC against BARBARA COLLINS, BRIAN COLLINS, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019755935 | 04/30/2019 |
| 05/06/2019 | | SUBSTITUTE ATTORNEY submitted by HEINRICH, RACHEL, C of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019791420 | 05/06/2019 |
| 05/06/2019 | | PROOF OF SERVICE submitted by HEINRICH, RACHEL, C of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019792799 | 05/06/2019 |

4/6/2020                                          eCourts Civil Case Jacket

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 05/08/2019 | | GENERAL CORRESPONDENCE submitted by HEINRICH, RACHEL, C of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019814766 | 05/08/2019 |
| 05/09/2019 | | COURT Notice submitted by Case Management | LCV2019816488 | 05/09/2019 |
| 05/21/2019 | | MOTION FOR ADMISSION PRO HAC VICE submitted by HEINRICH, RACHEL, C of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019894158 | 05/21/2019 |
| 05/21/2019 | | The motion filed on 05/21/2019 will be decided on 06/07/2019. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION FOR ADMISSION PRO HAC VICE [LCV2019894158] | LCV2019894519 | 05/21/2019 |
| 06/07/2019 | | ORDER FOR ADMISSION PRO HAC VICE-Granted by Judge KASSEL, MICHAEL, J re: MOTION FOR ADMISSION PRO HAC VICE [LCV2019894158] | LCV2019100386 | 06/07/2019 |
| 06/13/2019 | | COURT Notice submitted by Case Management | LCV2019103588 | 06/13/2019 |
| 07/03/2019 | | SUBSTITUTE ATTORNEY submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019116952 | 07/03/2019 |
| 08/30/2019 | | CERTIFICATION submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019155495 | 08/30/2019 |
| 09/10/2019 | | MOTION TO COMPEL DISCOVERY submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019161899 | 09/10/2019 |
| 09/10/2019 | | The motion filed on 09/10/2019 will be decided on 09/27/2019. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO COMPEL DISCOVERY [LCV2019161899] | LCV2019161965 | 09/10/2019 |
| 09/25/2019 | | COURT Notice submitted by Case Management | LCV2019173100 | 09/25/2019 |
| 09/27/2019 | | ORDER TO COMPEL DISCOVERY-Granted by Judge KASSEL, MICHAEL, J re: MOTION TO COMPEL DISCOVERY [LCV2019161899] | LCV2019176859 | 09/30/2019 |
| 10/08/2019 | | DESIGNATION OF TRIAL ATTORNEY submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019183064 | 10/08/2019 |
| 10/23/2019 | | GENERAL CORRESPONDENCE submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019193457 | 10/23/2019 |
| 10/30/2019 | | GENERAL CORRESPONDENCE submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019199287 | 10/30/2019 |
| 10/31/2019 | | FINAL JUDGMENT submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019200324 | 10/31/2019 |
| 10/31/2019 | | Order To Enter Judgment - GRANTED by Judge KASSEL, MICHAEL, J | LCV2019200470 | 10/31/2019 |
| 11/08/2019 | | ORDERS FOR JUDGMENTS submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019206111 | 11/08/2019 |
| 11/19/2019 | | CLERK NOTICE: re: ORDERS FOR JUDGMENTS [LCV2019206111] -Entered in the Civil Judgment and Order Docket in the Superior Court Clerk's Office. J-177516-19 | LCV2019213034 | 11/19/2019 |
| 11/22/2019 | | PETITION FOR DISCOVERY submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019216752 | 11/22/2019 |
| 11/26/2019 | | ORDERS FOR JUDGMENTS submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2019218670 | 11/26/2019 |
| 12/03/2019 | | Order For Discovery - GRANTED by Judge KASSEL, MICHAEL, J | LCV2019221498 | 12/03/2019 |
| 12/03/2019 | | Order For Discovery - GRANTED by Judge KASSEL, MICHAEL, J | LCV2019221507 | 12/03/2019 |
| 12/12/2019 | | GENERAL CORRESPONDENCE submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC, THOMAS B WAGNER, THOMAS B WAGNER ARCHITECT | LCV2019229498 | 12/12/2019 |
| 12/16/2019 | | Notice Of Appeal submitted by Court | LCV2019232119 | 12/17/2019 |

4/6/2020                                              eCourts Civil Case Jacket

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 12/16/2019 | 📎 | General Correspondence uploaded by Case Management Staff submitted by JOHN H OSORIO | LCV2019232617 | 12/17/2019 |
| 12/20/2019 | ✉ | **CLERK NOTICE**: re: ORDERS FOR JUDGMENTS [LCV20192186705] -Entered in the Civil Judgment and Order Docket in the Superior Court Clerk's Office. J-177516-19 | LCV2019234549 | 12/20/2019 |
| 01/30/2020 | 📎 | WRIT OF EXECUTION submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2020213069 | 01/30/2020 |
| 01/30/2020 | 📎 | WRIT OF EXECUTION submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2020214193 | 01/30/2020 |
| 01/30/2020 | 📎 | Writ Of Execution submitted by Court | LCV2020217077 | 01/31/2020 |
| 01/30/2020 | 📎 | Writ Of Execution submitted by Court | LCV2020218494 | 01/31/2020 |
| 01/31/2020 | 📎 | WRIT OF EXECUTION submitted by HOPKINS, KATHERINE, ANN of WILENTZ GOLDMAN & SPITZER on behalf of BARBARA COLLINS, BRIAN COLLINS against PJW SERVICES LLC | LCV2020217446 | 01/30/2020 |
| 01/31/2020 | 📎 | Writ Of Execution submitted by Court | LCV2020219957 | 01/31/2020 |

Showing 1 to 85 of 85 entries

- Screen ID : ECCV3001
- © Copyright NJ Judiciary 2016

# Exhibit "E"

**SICILIANO & ASSOCIATES, LLC**
BY: Salvatore J. Siciliano, Esquire (NJ Bar ID# 027561992)
16 South Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-0500 Fax (856) 795-5515
Attorney for Plaintiffs, BRIAN COLLINS and BARBARA COLLINS

| | |
|---|---|
| BRIAN COLLINS and BARBARA COLLINS, Husband and Wife<br><br>Plaintiffs,<br><br>vs.<br><br>PJW SERVICES, L.L.C., a/k/a/, P.J. WARD AND SONS; THOMAS B. WAGNER ARCHITECT; and THOMAS B. WAGNER, individually, and as a representative of Thomas B. Wagner Architect.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CAMDEN COUNTY<br><br>Docket No.  CAM –L-2766-17<br><br>CIVIL ACTION<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS** |

To:     John H. Osorio, Esquire
         Marshall Dennehey Warner Coleman & Coggin
         15000 Midatlantic Drive, Suite 200
         P.O. Box 5429
         Mt. Laurel, NJ 08054

        Pursuant to Rule 4:22, Plaintiffs, Brian Collins and Barbara Collins, hereby submits the following Answers to Defendant Thomas B. Wagner Architect and Thomas B. Wagner individually, and as a representative of Thomas B. Wagner Architect's (hereinafter, "Wagner") Request for Admissions.

### GENERAL OBJECTIONS TO DEFENDANT WAGNER'S REQUEST FOR ADMISSIONS

A.     Plaintiff objects to each of Defendant's Request for Admissions to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, laws, or rules.  Any inadvertent production of material

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

that is subject to any privilege, or otherwise protected or immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such material, its subject matter or information contained therein, or of the Plaintiff's right to object to the use of such material during any later proceeding.

B.   Plaintiff objects to each of Defendant's Request for Admissions to the extent that they are overly broad, vague, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

C.   Plaintiff's responses are made without in any way waiving or intending to waive, but to the contrary, intending to preserve and preserving, the following: (a) all objections concerning the admissibility of any information or documents provided, including objections with respect to the relevance or materiality of such information or documents, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to the use of any information or documents that may be provided or the subject matter thereof in any subsequent proceeding of this or any other action on any grounds; (c) the right to object on any grounds at any time to further discovery involving or relating to the subject matter of Defendant's Interrogatories; and (d) the right at any time to revise, correct, supplement, clarify, or amend the Plaintiff's responses to Defendant's Request for Admissions.

D.   All of Plaintiff's responses to Defendant's Request for Admissions are based on the Plaintiff's best understanding of the Interrogatories and the defined terms used therein. Such responses cannot properly be used as evidence except in the context in which the Plaintiff understood the Request for Admissions and terms therein.

E.   Plaintiff objects to each of Defendant's Request for Admissions insofar as they seek information regarding the knowledge, possession, custody, or control of another, or information concerning the activities of any other party or non-party to this action.

F.   To the extent that Plaintiff responds to Defendant's Request for Admissions, Plaintiff does not concede that the information requested is relevant to this action. Plaintiff expressly reserves the right to object to further discovery of the subject matter of any of the Request for Admissions and the introduction into evidence of any information provided.

G.   Plaintiff reserves the right to challenge the competency, relevance, materiality, and admissibility of

2

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

the information produced in any subsequent proceedings, or in the trial of this or any other action, and to object on any grounds to the use of the documents produced in any subsequent proceeding or the trial of this or any other action.

H.   Plaintiff incorporates all of these general objections in each and every one of its responses to Defendant's Request for Admissions as if fully set forth therein, and such response is subject to these general objections.

**<u>RESPONSES TO DEFENDANT WAGNER'S REQUEST FOR ADMISSIONS</u>**

1.   You entered into a written contract with Thomas B. Wagner Architect dated December 26, 2009.

      RESPONSE:  Admitted.

2.   The contract attached as Exhibit A to this request is a true and accurate copy of the contract entered into between you and Thomas B. Wagner Architect.

      RESPONSE:  Admitted.

3.   The written contract between you and Thomas B. Wagner Architect (exhibit A) was signed by you on January 4, 2010.

      RESPOSNE:  Admitted.

4.   You first filed your complaint in this litigation on July 11, 2017.

      RESPONSE:  Admitted.

3

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

5.    The complaint attached hereto as Exhibit B is a true and accurate copy of the complaint filed on your behalf by your attorneys on July 11, 2017.

        RESPONSE:  Admitted.

6.    In your initial complaint, you represented that beginning on or about December 12, 2010, water did not properly drain from the roof.

        RESPONSE:  Admitted.

7.    As of December 12, 2010, you were aware that there were damages in the area where work had been performed by the defendants in this litigation.

        RESPONSE:  Denied. Plaintiff was unaware of any damage on December 12, 2010.

                Plaintiff was aware that puddles of water collected on the garage floor and of water intrusion.

8.    As of December 12, 2010, you were aware that water did not properly drain from the roof where Thomas B. Wagner Architect had performed services pursuant to its contract with you.

        RESPONSE:  Denied. As of December 12, 2010, Plaintiff was unaware of what caused the puddles of water to collect on the garage floor.

4

9.   You were represented by counsel prior to December 12, 2016.

RESPONSE:  Admitted.

10.   You were represented by Salvatore Siciliano prior to December 12, 2016.

RESPONSE:  Admitted.

11.   In 2015, defendant P.J. Ward & Sons attempted repairs to the roof in question.

RESPONSE:  Denied. Defendant P.J. Ward & Sons attempted minor remedial work in 2014.

12.   In November of 2016, your attorneys communicated with P.J. Ward & Sons in an attempt to agree to a scope of work to repair the alleged defects.

RESPONSE:  Admitted.

13.   You never had any direct communications with anyone from Thomas B. Wagner Architect related to any claimed defects with the work performed in 2010 until February of 2017.

RESPONSE:  Admitted.

14.   No one from Thomas B. Wagner Architect was provided with any proposals for remediation work until February of 2017.

      RESPONSE:   Admitted.

15.   No one from Thomas B. Wagner Architect made any representations to you regarding any alleged defects you discovered on December 12, 2016.

      RESPONSE:   Denied. The contract entered into between Plaintiffs and Defendant Thomas B. Wagner is a document which speaks for itself.

16.   No one from Thomas B. Wagner Architect made any representations to you regarding any alleged defects until February of 2017.

      RESPONSE:   Denied. The contract entered into between Plaintiffs and Defendant Thomas B. Wagner is a document which speaks for itself.

17.   You did not have an architectural expert investigation your claimed damages until April of 2018.

      RESPONSE:   Admitted.

LAW OFFICES
SICILIANO & ASSOCIATES, LLC
16 S. HADDON AVENUE • HADDONFIELD, NEW JERSEY 08033
TELEPHONE (856) 795-0500

# Civil Case Information Statement

### Case Details: CAMDEN | Civil Part Docket# L-001342-20

**Case Caption:** COLLINS BRIAN  VS SICILIANO &
ASSOCIAT ES, LLC

**Case Initiation Date:** 04/07/2020

**Attorney Name:** DANIEL JARED KLUSKA

**Firm Name:** WILENTZ GOLDMAN & SPITZER

**Address:** 90 WOODBRIDGE CENTER DR STE 900 PO
BOX 10

WOODBRIDGE NJ 070950958

**Phone:** 7326368000

**Name of Party:** PLAINTIFF : Collins, Brian

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PROFESSIONAL MALPRACTICE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>04/07/2020</u>
Dated

<u>/s/ DANIEL JARED KLUSKA</u>
Signed